■ MICHAEL J. LEVINE, an Infant, by His Mother and Natural Guardian, DIANE LEVINE, et al., Respondents, v EZRA SHARON, Defendant and Third-Party Plaintiff-Respondent. NEIL WEINSTEIN, Third-Party Defendant-Respondent; TOWN OF NORTH HEMPSTEAD, Third-Party Defendant-Appellant.—In a negligence action to recover damages for personal injuries, etc., the third-party defendant Town of Hempstead appeals from an order of the Supreme Court, Nassau County (Robbins, J.), dated November 22, 1988, which denied its motion for summary judgment dismissing the third-party complaint insofar as it is asserted against it and any cross claims against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, third-party complaint insofar as it is asserted against the appellant and any cross claims against it are dismissed, and the third-party complaint against the remaining third-party defendant is severed.

On September 13, 1986, the infant plaintiff was struck by an automobile driven by the defendant and third-party plaintiff Sharon, at the intersection of Hawthorne Lane and Bayside Drive, in Great Neck, New York. The defendant Sharon commenced this third-party action by service of a summons and complaint upon the Town of North Hempstead and Neil

Weinstein, the owner of the corner property abutting the intersection. The complaint as against the town alleged that the town negligently failed to enforce Town of North Hempstead Code § 70-203 (B), providing, in pertinent part, that "no hedge, tree, shrub or other growth shall be maintained [that] so obstructs the view of operators of motor vehicles as to create a traffic hazard". The town moved for summary judgment dismissing the third-party complaint insofar as it is asserted against it and any cross claims against it on two grounds: (1) there was no evidence of prior written notice of the alleged defective condition, required as a condition precedent to the maintenance of an action in negligence against the town under Town of North Hempstead Code § 26-1, which provides, in pertinent part, that "[n]o civil action shall be maintained against the Town of North Hempstead * * * for damages or injuries to person or property sustained in consequence of any highway, bridge, culvert, sidewalk or crosswalk being defective, out of repair, unsafe, dangerous or obstructed * * * unless written notice * * * was actually given to the Town", and (2) in the absence of a special relationship creating a municipal duty to exercise care for the benefit of a particular class of individuals, no liability may be imposed upon a municipality for failure to enforce a statute or regulation. The Supreme Court denied the town's motion, finding that Town of North Hempstead Code § 26-1, requiring prior written notice of a defect, did not apply to the conditions present in this case, and that a special relationship was created by Town of North Hempstead Code § 70-203 (B). We disagree.

In order to hold the town liable in this case, it was necessary for the plaintiff in his complaint and/or the defendant Sharon to allege in his third-party complaint that pursuant to Town of North Hempstead Code § 26-1, prior written notice was given to the town of the obstructive condition which allegedly caused the accident. Contrary to the defendant's assertion, the obstruction of view created by untrimmed trees, bushes, shrubbery, and hedges is an obstruction within the meaning of the code and is subject to its notice requirements. The defendant's attempt to distinguish the present case from *Johnstown Leather Corp. v City of Gloversville* (56 AD2d 345) and *Freeman v County of Nassau* (95 AD2d 363), because he did not come into actual contact with the physical obstruction itself, is unavailing. As a matter of plain meaning, the term "obstruction" encompasses conditions that are hidden from sight, and is not limited to obstructive conditions creating a

physical obstacle or hindrance to passage. Further, where the obstructed condition would not ordinarily come to the immediate attention of the town officers unless they were given actual notice thereof, the prior notice statute applies *(see, Doremus v Incorporated Vil. of Lynbrook,* 18 NY2d 362, 366; *Monteleone v Incorporated Vil. of Floral Park,* 74 NY2d 917, 918; *Hughes v Jahoda,* 75 NY2d 881, 882).

The defendant has also failed to establish that a special relationship existed by virtue of Town of North Hempstead Code § 70-203 (B) which would obviate the need for prior written notice to the town of the obstructive condition. It is well settled that no liability will be imposed upon a governmental body for injuries sustained by individuals where the statute or regulation alleged to have been violated by the governmental body defines a standard of care for the general welfare only *(see, O'Connor v City of New York,* 58 NY2d 184; *Browne v Town of Hempstead,* 110 AD2d 102). The provision in question is a general welfare statute intended to protect members of the general public in the Town of North Hempstead. The defendant's attempt to characterize the class of motorists and pedestrians utilizing the public roadways as a special class to whom a special duty is owed is without merit. In *O'Connor v City of New York (supra,* at 190), the Court of Appeals dismissed the complaint as against the city on the ground that the regulations in issue were intended to benefit injured persons, "but in the broad sense of protecting all members of the general public *similarly situated"* (emphasis added). The holding of that case is applicable here. Adopting the defendant's proposition to create a "particular class" from among the members of the general public "similarly situated" is to effectuate a transformation of general welfare laws into laws creating a special duty of enforcement upon the municipality. In the absence of a special relationship, the sole duty owed by the town was the duty to repair or remove any defect or obstructive condition complained of within a reasonable time after written notice of the defective condition was given to it. Mangano, P. J., Thompson, Bracken and Eiber, JJ., concur.