(May 14, 1990)

■ Mark Burgess, Respondent, v Town of Hempstead et al., Appellants, et al., Defendants.—In a negligence action to recover damages for personal injuries, the defendant Town of Hempstead appeals from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated November 10, 1987, as denied its motion for summary judgment dismissing the complaint and all cross claims as against it, and the defendant Incorporated Village of Freeport separately appeals from so much of the same order as denied its motion for summary judgment dismissing the complaint and cross claims as against it except to the extent that they state claims of negligence relating to physical defects in the roadway.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

On August 16, 1983, the plaintiff was injured when he lost control of his motorcycle while attempting to negotiate a curve which was located on Pennsylvania Avenue at or near the boundary line between the municipal defendants, the Town of Hempstead and the Incorporated Village of Freeport. The plaintiff had been driving northbound on Pennsylvania Avenue, from the village to the town. He had never before driven on this portion of roadway. Both municipalities maintained signs on both sides of the boundary line that controlled traffic around the curve in the road.

Prior to this accident, the town had received a written

notice concerning this stretch of roadway. An interdepartment memo concerning this complaint noted that the curve was dangerous because the town's 25 mile-per-hour sign, which was posted about 50 feet from the angle break on the east side of Pennsylvania Avenue and about 40 feet south of the aforementioned boundary line, i.e., within the boundaries of the village, "apparently does not slow the traffic down". The town's investigator, however, believed he was only checking for damaged signs and did not perform a test to determine the curve's safe speed.

The plaintiff brought suit, *inter alia,* against the town and village, alleging that these defendants had failed to properly inspect the roadway and develop a reasonably safe traffic plan and had failed to install and properly place adequate and necessary traffic control devices and signs. The municipal defendants separately moved to dismiss the complaint and any cross claims as against them. The town's motion was denied altogether, and the village's motion was denied, except as to allegations against it concerning physical defects in the roadway which were dismissed.

The town argues that it cannot be held liable for its highway planning decision. While a qualified immunity does exist for governmental bodies in the field of traffic safety design and planning *(see, Scheemaker v State of New York,* 70 NY2d 985; *Friedman v State of New York,* 67 NY2d 271; *Weiss v Fote,* 7 NY2d 579; *Longo v Tafaro,* 137 AD2d 661), a governmental body may still be held liable, when, *inter alia,* its study of a traffic condition is plainly inadequate or lacks a reasonable basis *(see, Scheemaker v State of New York, supra; Friedman v State of New York, supra,* at 284; *Longo v Tafaro, supra,* at 663). In this case, the record contains sufficient proof to create a question of fact as to whether the town had an obligation to conduct a traffic investigation and study of the roadway in question, and if so, whether the town was negligent in failing to conduct an adequate investigation *(see, Scheemaker v State of New York, supra; cf., Friedman v State of New York, supra,* at 285-286; *cf., Longo v Tafaro, supra,* at 664-665).

The town also argues that the plaintiff's action is precluded by the fact that it did not receive prior written notice of the purported defect or danger in the roadway. Town Code of Town of Hempstead § 6-3 provides that "No civil action shall be maintained against the Town of Hempstead for injuries or damages * * * sustained by reason of any defect or obstruction whatsoever in its traffic signs" unless there was prior written notice of such defect. Reading this provision strictly

(see, Doremus v Incorporated Vil. of Lynbrook, 18 NY2d 362, 366), "defects in traffic signs" must refer only to actual physical defects in traffic signs and not to failures to install and properly place traffic signs (accord, Alexander v Eldred, 63 NY2d 460, 467; Doremus v Incorporated Vil. of Lynbrook, supra). Consequently, no prior written notice was required. In any event, we note that the town did in fact receive such prior written notice. We have considered the town's other contentions and find them to be without merit.

With respect to the village's appeal, the village argues that the plaintiff's action against it is precluded because there was no prior written notice. Incorporated Village of Freeport Code § 27-2 is comparable to Town Code of Town of Hempstead § 6-3 and should be treated in the same way. Consequently, no prior written notice to the village was required with respect to the plaintiff's claims that the village had failed to install and properly position traffic signs (see, Alexander v Eldred, supra; Doremus v Incorporated Vil. of Lynbrook, supra; see also, Hughes v Jahoda, 75 NY2d 881). We have considered the village's other contention and find it to be without merit. Mangano, P. J., Bracken, Kunzeman and Eiber, JJ., concur.