■ DIANE M. BOUNAUITO et al., Respondents, v WILLIAM FLOYD SCHOOL DISTRICT et al., Defendants, and TOWN OF BROOKHAVEN, Appellant. [609 NYS2d 661] —In an action to recover damages for personal injuries, etc., the defendant Town of Brookhaven appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), entered January 30, 1992, as denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied the motion in its entirety, and substituting a provision granting the motion to the extent of dismissing so much of the complaint as asserts that the Town is liable based on its failure to (a) maintain the roadway and intersection in a reasonably safe condition, and (b) enforce Town Code provisions regarding obstructions to Town highways and limitations on heights of structures and foliage at intersections, and is otherwise denied; as so modified, the order is affirmed insofar as appealed from, with costs to the Town of Brookhaven.

On March 23, 1987, Diane Bounauito was allegedly injured in an automobile collision at an intersection in Mastic Beach, in the Town of Brookhaven. Bounauito and her husband commenced this action, alleging, in relevant part, that the Town had negligently maintained the intersection in a hazardous condition and had failed to provide appropriate warnings or traffic control devices.

The Town moved for summary judgment, primarily on the ground that the installation of traffic control devices was a discretionary governmental function for which the Town was immune from liability. In response, the plaintiffs clarified the allegations of the complaint by alleging that the Town was negligent in that (1) it breached its duty to maintain the roadway and intersection in a reasonably safe condition, (2) it failed to enforce Town Code provisions regarding obstructions to Town highways and limitations on foliage heights at intersections, and (3) it breached its duty to review its traffic plan for the intersection in light of traffic conditions and visibility at the intersection, and failed to provide appropriate traffic controls. In support, the plaintiffs provided deposition testimony by both participants in the collision indicating that visibility at the intersection was inhibited by an overgrowth of foliage.

In reply, the Town argued that (1) it could not be held liable

for failing to enforce Town Code provisions implemented for the general welfare, (2) it did not have actual notice of the allegedly hazardous condition, barring recovery pursuant to Brookhaven Town Code § 84-1, and (3) in order to hold it liable for failing to install traffic control devices, the plaintiffs must prove that there was no rational basis for not doing so.

In surreply, the plaintiffs established that the Town had received a complaint of a missing stop sign at the intersection in 1985, and that the Town ceased its investigation of the complaint when it determined that no stop sign was authorized for the intersection.

The Supreme Court denied the Town's motion for summary judgment, finding that the plaintiffs had sufficiently alleged that the Town received actual notice of the hazardous condition and failed in its duty to warn or correct the hazard.

On this appeal, the Town contends that the plaintiffs' allegations of actual notice are insufficient to warrant denial of summary judgment. We agree that the 1985 complaint of a missing stop sign was inadequate to give the Town notice that overgrown foliage was obstructing visibility in the intersection at the time of the accident. The plaintiffs are therefore precluded from recovering on the basis that the Town negligently failed to trim the overgrowth which blocked the intersection (see, Brookhaven Town Code § 84-1; *Levine v Sharon,* 160 AD2d 840).

We also agree that absent a special relationship between the plaintiffs and the Town, the Town cannot be held liable for its failure to enforce Town Code provisions regarding obstructions to highways and limitations on foliage height at intersections (see, *Levine v Sharon, supra).*

It is well settled, however, that the plaintiffs need not prove written notice of a hazardous condition in order to recover based on the Town's failure to provide appropriate traffic control devices at an intersection (see, *Alexander v Eldred,* 63 NY2d 460, 467; *Burgess v Town of Hempstead,* 161 AD2d 616, 617-618). While such a governmental function is entitled to qualified immunity, a municipality may be liable where it is demonstrated that its traffic control plan was based on inadequate study or lacked a reasonable basis (see, *Alexander v Eldred, supra,* at 465-466; *Weiss v Fote,* 7 NY2d 579; *Burgess v Town of Hempstead, supra,* at 617). In addition, a municipality "is also under a continuing obligation to review and revise traffic safety plans in light of the actual operation of such plans and any significant changes in circumstances" *(Demesmin v Town of Islip,* 147 AD2d 519, 520).

It is undisputed that the intersection had no traffic control devices, and that the Town had not conducted a formal study of the intersection. It is also undisputed that the Town received a complaint of a "missing" stop sign in 1985, and that the Town's investigation was limited to determining that no stop sign was authorized for the intersection. In addition, both drivers testified at depositions that visibility at the intersection was poor.

Contrary to the Town's contention, the plaintiffs were not required to prove that there was no reasonable basis for the Town's decision to refrain from conducting a formal traffic study *(see, Alexander v Eldred, supra,* at 466). We therefore find that the plaintiffs have raised triable issues of fact regarding the Town's traffic plan for the intersection. Balletta, J. P., Ritter, Copertino and Goldstein, JJ., concur.