■ LISA FORSYTHE-KANE et al., Appellants, v TOWN OF YORKTOWN, Respondent. (And a Third-Party Action.) [672 NYS2d 355] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Ingrassia, J.), dated May 13, 1997, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provisions thereof which granted those branches of the defendant's motion which were for summary judgment dismissing the first and third causes of action of the complaint, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed, with costs payable to the appellants.

The infant plaintiff was injured when the bicycle which she was riding collided with an automobile at an intersection within the defendant Town of Yorktown (hereinafter the Town). The plaintiffs subsequently commenced this action, alleging that the Town was negligent in failing to install a stop sign at the intersection and in failing to cut back some overgrown foliage which purportedly obstructed the line of sight at the intersection. The Town moved for summary judgment dismissing the complaint, inter alia, on the ground that it had not received prior written notice of the alleged defective conditions as required by Town of Yorktown Code § A101-1. The Supreme Court dismissed the complaint for lack of prior written notice. We now modify the order to reinstate the plaintiffs' first and third causes of action.

The Supreme Court acted properly in dismissing the second cause of action, which alleged that overgrown foliage constituted an obstruction of the line of sight. Contrary to the plaintiffs' contention, the overgrown foliage constituted an

obstruction of a "street" or "highway" pursuant to General Municipal Law § 50-e (4). Thus, the application of the Town's prior written notice statute to this obstruction does not conflict with the General Municipal Law (cf., *Walker v Town of Hempstead,* 84 NY2d 360), and the lack of such notice required dismissal of the second cause of action (*see, e.g., Bacon v Arden,* 244 AD2d 940; *Field v Stubelek,* 238 AD2d 467; *Boucher v Town of Candor,* 234 AD2d 669; *Bounauito v Floyd School Dist.,* 203 AD2d 225).

However, the plaintiffs' first cause of action, alleging negligent failure to install a stop sign at the intersection, was improperly dismissed. The prior written notice provision clearly did not apply to the claim that the Town's failure to install a stop sign or other traffic control device at the intersection constituted negligence (*see, Alexander v Eldred,* 63 NY2d 460; *Doremus v Incorporated Vil. of Lynbrook,* 18 NY2d 362; *Bounauito v Floyd School Dist., supra*). Moreover, the plaintiffs' submissions, including the deposition testimony of the Town's former Highway Superintendent and the affidavit of the plaintiffs' engineering expert, sufficed to raise triable issues of fact regarding the adequacy of any traffic study or plan prepared by the Town for the relevant area, the sufficiency of any review or revision thereof in light of the actual operation of the plan and any significant changes in circumstances at the location, and the reasonableness of the Town's failure to install a stop sign at the intersection under all of the attendant circumstances (*see generally, Friedman v State of New York,* 67 NY2d 271; *Alexander v Eldred, supra; Weiss v Fote,* 7 NY2d 579; *Bounauito v Floyd School Dist., supra; Burgess v Town of Hempstead,* 161 AD2d 616). Accordingly, this cause of action must be reinstated.

In view of the reinstatement of the first cause of action, we also reinstate the third cause of action, which constitutes a derivative claim by the infant plaintiff's mother to recover for medical expenses and for loss of the infant's services occasioned by the accident. Ritter, J. P., Sullivan, Krausman and Luciano, JJ., concur.