■ MILDRED DWORKIN, Respondent-Appellant, v ECOLAB, INC., et al., Respondents, et al., Defendants, and TOWN OF RAMAPO, Appellant. [725 NYS2d 218] —In an action to recover damages for personal injuries, the defendant Town of Ramapo appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Rockland County (Sherwood, J.), dated December 17, 1999, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and (2) an order of the same court dated May 16, 2000, as denied its motion for reargument, and the plaintiff separately appeals, as limited by her brief, from so much of (1) the order dated December 17, 1999, as granted the cross motion of the defendants Ecolab, Inc., G.E. Capital Fleet Services, and Bruce H. Edelson for summary judgment dismissing the complaint insofar as asserted against them, and (2) the order dated May 16, 2000, as denied her motion for reargument.

Ordered that the appeals from the order dated May 16, 2000, are dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated December 17, 1999, is modified, on the law, by deleting the provision thereof denying the motion of the defendant Town of Ramapo for summary judgment dismissing the complaint insofar as asserted against it and substituting therefor a provision granting that motion; as so modified, that order is affirmed insofar as appealed and appealed from, with one bill of costs payable by the plaintiff to the defendant Town of Ramapo, and the action against the remaining defendants is severed.

The defendant Bruce H. Edelson, his employer, the defendant Ecolab, Inc., and the defendant G.E. Capital Fleet Services were properly granted summary judgment, as they made out a prima facie case that the accident resulted solely from the plaintiff's negligence, and the opposition submitted by the plaintiff did not raise a triable issue of fact. The evidence established that the plaintiff either failed to stop at a stop sign or, upon doing so, failed to yield the right of way to the motor vehicle driven by Edelson (*see,* Vehicle and Traffic Law § 1142 [a]; *Wolfson v Milillo,* 262 AD2d 636; *Cascio v Scigiano,* 262 AD2d 264; *McClelland v Seery,* 261 AD2d 451; *Miranda v Devlin,* 260 AD2d 451; *Singh v Shafi,* 252 AD2d 494).

The plaintiff's claim against the defendant Town of Ramapo (hereinafter Ramapo) based upon its alleged failure to trim shrubs, grass, and weeds which allegedly obstructed the plaintiff's view of oncoming traffic lacks merit. It is undisputed that Ramapo never received prior written notice concerning such a condition, as required by the Ramapo Town Code (*see,* Ramapo Town Code § 26-1; *Amabile v City of Buffalo,* 93 NY2d 471; *Forsythe-Kane v Town of Yorktown,* 249 AD2d 505).

We decline to reach the plaintiff's remaining contentions, as they were not properly raised before the Supreme Court (*see, Zacher v Oakdale Islandia Ltd. Partnership,* 271 AD2d 441). Santucci, J. P., Florio, Schmidt and Adams, JJ., concur.