■ OMRIE SCOTT, Respondent, v CITY OF NEW YORK, Appellant, and EDWARD J. GLADICK, Respondent. [791 NYS2d 184]—

In an action, inter alia, to recover damages for wrongful death, etc., the defendant City of New York appeals from an order of the Supreme Court, Queens County (Flug, J.), dated June 12, 2003, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with costs to the plaintiff-respondent.

The plaintiff's decedent was killed when the bicycle he was riding, while exiting a pedestrian walk, collided with an automobile driven by the defendant Edward J. Gladick at the intersection of the southbound Clearview Expressway Service Road and 46th Avenue in Queens. There was no stop sign or other traffic control device at the intersection. The plaintiff commenced this action, alleging, inter alia, that the City was

negligent in failing to install an adequate traffic control device and in failing to cut overgrown foliage which allegedly obstructed the line-of-sight at the intersection.

Contrary to the City's contention, there are triable issues of fact as to whether the foliage obstructed the line-of-sight of the roadway for pedestrians attempting to cross at the intersection and whether the foliage also blocked Gladick's line-of-sight of the decedent. The City failed to establish, prima facie, its entitlement to judgment as a matter of law on its defense of qualified immunity (see Ernest v Red Cr. Cent. School Dist., 93 NY2d 664, 673 [1999]; cf. Affleck v Buckley, 96 NY2d 553, 557 [2001] [for qualified immunity to attach, the traffic study must consider the very same question of risk that would go to the jury]). There are issues of fact regarding the existence and adequacy of any traffic study or plan prepared by the City for the relevant area, and of any review or revision thereof in light of the actual operation of the plan and of any significant changes in circumstances at the location. Issues of fact also exist with respect to the reasonableness of the City's failure to install a stop sign or traffic light at the intersection under all of the attendant circumstances (see Forsythe-Kane v Town of Yorktown, 249 AD2d 505, 506 [1998]; see also Friedman v State of New York, 67 NY2d 271, 284 [1986]; Alexander v Eldred, 63 NY2d 460, 463-466 [1984]; Weiss v Fote, 7 NY2d 579, 585-586 [1960]).

The City's remaining contentions are without merit. Crane, J.P., Spolzino, Skelos and Lifson, JJ., concur.