RICHARD BRESCIANI et al., Respondents, v COUNTY OF DUTCHESS, NEW YORK, Appellant. [878 NYS2d 410]—

In an action to recover damages for personal injuries and wrongful death, etc., the defendant appeals from an order of the Supreme Court, Dutchess County (Sproat, J.), dated March 10, 2008, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On June 26, 2004 Mirella Bresciani was killed on Noxon Road (County Route 21), in the Town of LaGrange, when her car went off the road and crashed into a tree. The police accident report listed the roadway surface condition as "Wet," and noted "Pavement Slippery." Her husband, individually, and her children who were the executors of her estate, commenced this action against the County of Dutchess. The plaintiffs contend, inter alia, that the defendant failed to appropriately investigate and remedy a known dangerous condition on the county road and performed negligent repair and maintenance on it. The County moved for summary judgment contending, among other things, that it was entitled to qualified immunity for its deliberative decision-making process because a capital improvement project encompassing the county road in question was in the

planning stages at the time of the accident. The Supreme Court denied the motion, and we affirm.

In the area of traffic design engineering, a municipality will generally be accorded qualified immunity from liability arising out of its highway planning decisions (*see Friedman v State of New York*, 67 NY2d 271, 284 [1986]). However, a municipality may be held liable if, after being made aware of a dangerous traffic condition, it does not undertake an adequate study to determine what reasonable measures may be necessary to alleviate the condition, or, having determined what reasonable measures were necessary, it unjustifiably delays in taking them (*see Friedman v State of New York*, 67 NY2d at 284-286). Here, the County failed to establish its prima facie entitlement to summary judgment on the ground of qualified immunity (*see Hepburn v Croce*, 295 AD2d 475 [2002]; *see generally Friedman v State of New York*, 67 NY2d 271 [1986]). In particular, the County's submissions failed to establish as a matter of law that, once it was made aware that the subject roadway became dangerously slippery as water accumulated on it in wet weather, the County undertook an adequate study to determine what, if any, remedial measures were necessary, or that it did not unjustifiably delay in implementing such measures (*see Friedman v State of New York*, 67 NY2d at 284; *Burgess v Town of Hempstead*, 161 AD2d 616, 617 [1990]). The County's failure to satisfy its prima facie burden required denial of its motion without regard to the sufficiency of the plaintiffs' papers in opposition (*see Hepburn v Croce*, 295 AD2d at 477). Fisher, J.P., Angiolillo, Balkin and Belen, JJ., concur.