■ Anthony Turturro, an Infant by his Mother and Natural Guardian, Elida Turturro, et al., Appellants, v City of New York, Respondent, et al., Defendants. [908 NYS2d 738]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated October 9, 2009, as granted that branch of the motion of the defendant City of New York which was pursuant to CPLR 3025 (b) for leave to amend its answer to add a defense of qualified immunity, and granted that branch of the separate motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying that branch of that motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellants.

The infant plaintiff allegedly was injured when he was struck by an automobile while riding his bicycle on Gerritsen Avenue in Brooklyn. According to a police investigation report, the automobile was traveling southbound at a minimum speed of 54 miles per hour in a posted 30 mile per hour zone at the time of the accident. The infant plaintiff, by his mother, and his mother, individually, commenced this action against, among others, the City of New York. In their complaint and bill of particulars, the plaintiffs alleged that prior to the subject accident, the City had received complaints about vehicles traveling at excessive rates

of speed on Gerritsen Avenue. They alleged, inter alia, that the City was negligent in failing to perform proper and adequate studies of the speeding problem in response to these complaints and in failing to timely implement a specific plan to control or resolve the speeding problem.

The City moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. The City supported its motion with evidence that, in response to complaints it had received, it had conducted traffic studies at several intersections along Gerritsen Avenue and that, based on those studies, it had determined that additional traffic signals were not warranted. The City contended, among other things, that it was entitled to qualified immunity for highway planning decisions made after adequate studies. While its summary judgment motion was pending, the City made a separate motion, inter alia, for leave to amend its answer to add a defense of qualified immunity. The Supreme Court, among other things, granted that branch of the City's motion which was for leave to amend its answer to add the defense of qualified immunity, and granted that branch of the City's separate motion which was for summary judgment dismissing the complaint insofar as asserted against it. We modify.

The Supreme Court did not improvidently exercise its discretion in granting that branch of the City's motion which was for leave to amend its answer to add the defense of qualified immunity. Motions for leave to amend pleadings should be freely granted, absent prejudice or surprise directly resulting from the delay in seeking leave, unless the proposed amendment is palpably insufficient or patently devoid of merit (*see* CPLR 3025 [b]; *Aurora Loan Servs., LLC v Thomas*, 70 AD3d 986, 987 [2010]; *Tyson v Tower Ins. Co. of N.Y.*, 68 AD3d 977, 979 [2009]). Here, the proposed amendment was not palpably insufficient or patently devoid of merit. Moreover, there was no showing of prejudice or surprise directly resulting from the delay in seeking leave, as the defense of qualified immunity was based on documents provided to the plaintiffs more than one year before the City moved for summary judgment.

Contrary to the plaintiffs' contention, the Supreme Court properly considered an affidavit of the Chief of Signals in the Division of Traffic Operations of the City's Department of Transportation (hereinafter the DOT), which the City submitted for the first time with its reply papers. The plaintiffs were afforded the opportunity to respond thereto, and they submitted papers in surreply (*see Matter of Whittaker v New York City Bd. of Educ.*, 71 AD3d 776, 778 [2010]; *Valure v Century 21*

*Grand*, 35 AD3d 591, 592 [2006]; *Guarneri v St. John*, 18 AD3d 813, 813-814 [2005]; *Matter of Hayden v County of Nassau*, 16 AD3d 415, 416 [2005]).

However, even upon considering the aforementioned affidavit, the Supreme Court should have denied that branch of the City's motion which was for summary judgment dismissing the complaint insofar as asserted against it because the City failed to establish its prima facie entitlement to judgment as a matter of law (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In the area of traffic design engineering, a municipality will generally be accorded qualified immunity from liability arising out of its highway planning decisions (*see Friedman v State of New York*, 67 NY2d 271, 284 [1986]). A municipality is entitled to qualified immunity where a governmental planning body "has entertained and passed on the very same question of risk as would ordinarily go to the jury" (*Weiss v Fote*, 7 NY2d 579, 588 [1960]; *see Ernest v Red. Cr. Cent. School Dist.*, 93 NY2d 664, 673-674 [1999]; *Scott v City of New York*, 16 AD3d 485, 486 [2005]). "However, a municipality may be held liable if, after being made aware of a dangerous traffic condition, it does not undertake an adequate study to determine what reasonable measures may be necessary to alleviate the condition, or, having determined what reasonable measures were necessary, it unjustifiably delays in taking them" (*Bresciani v County of Dutchess, N.Y.*, 62 AD3d 639, 640 [2009]; *see Friedman v State of New York*, 67 NY2d at 284-286). In addition, after the municipality "implements a traffic plan it is 'under a continuing duty to review its plan in the light of its actual operation' " (*Friedman v State of New York*, 67 NY2d at 284, quoting *Weiss v Fote*, 7 NY2d at 587).

Here, the City's moving papers set forth evidence that, over a period of several years prior to the subject accident, the City had received numerous complaints from neighborhood residents and elected officials that certain intersections along Gerritsen Avenue which were not controlled by traffic signals posed a danger to school children crossing the street, and that vehicles were speeding and racing along the entire length of Gerritsen Avenue, thereby creating a dangerous condition. Although the City tendered evidence showing that, in response to the complaints, the DOT's Intersection Control Unit (hereinafter the ICU) conducted several traffic studies to determine whether the installation of traffic signals at specific intersections on Gerritsen Avenue was warranted, the City failed to establish the absence of any triable issue of fact as to whether it undertook an adequate study to determine what reasonable measures

might be necessary to address the risks presented by vehicles traveling at excessive rates of speed along the overall length of Gerritsen Avenue (*see Ernest v Red Cr. Cent. School Dist.*, 93 NY2d at 673-674; *Scott v City of New York*, 16 AD3d at 486).

The City proffered the deposition testimony of the Chief of the ICU, who testified that the ICU performed intersection studies to make intersections safer, that the ICU would not perform a "mid-block" analysis unless a complaint specifically mentioned a traffic control device, and that the ICU was not involved in the implementation of "traffic calming" measures. The ICU Chief further testified that the Planning Department and the Borough Engineer would conduct studies to determine whether traffic calming measures were warranted to address a speeding condition, and that she was not aware that any City division had conducted a study to evaluate a speeding condition on Gerritsen Avenue in the general area where the subject accident occurred prior to the accident date.

Additionally, the City proffered the deposition testimony of the individual who served as the Brooklyn Borough Engineer (hereinafter the BBE) at the time of the accident. At her deposition, the BBE identified several traffic calming measures other than traffic signals which could be used to reduce speeding, and indicated that the installation of traffic signals was not an effective means of controlling speeding. The BBE also testified that complaints about speeding that did not specifically pertain to intersection control or pavement markings would be referred to the Borough Engineer's Office for a study, that she was never asked to study speeding vehicles on Gerritsen Avenue prior to the date of the accident, and that she was not aware that, prior to the date of the accident, anyone at the City had prepared a written study to evaluate the need for traffic calming measures to address the speeding problem on Gerritsen Avenue.

To the extent that the affidavit of the Chief of Signals in the DOT's Division of Traffic Operations submitted by the City was inconsistent with the foregoing deposition testimony concerning the ICU's role in studying speeding conditions along roadways, the utility of traffic signals in addressing speeding problems, and the nature of the studies the City performed in response to the complaints about speeding on Gerritsen Avenue, such inconsistencies presented triable issues of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Based on the foregoing, the Supreme Court should have denied that branch of the City's motion which was for summary judgment dismissing the complaint insofar as asserted against it. In light of this determination, we need not examine the suffi-

ciency of the plaintiffs' opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Dixon v Malouf*, 70 AD3d 763, 764 [2010]).

In view of the foregoing, we need not reach the plaintiffs' remaining contentions. Covello, J.P., Leventhal, Belen and Hall, JJ., concur.