■ Karin Kuhland, Respondent, v City of New York, Appellant, et al., Defendant. [916 NYS2d 637]—

In an action to recover damages for personal injuries, the defendant City of New York appeals from an interlocutory judgment of the Supreme Court, Queens County (Orlikoff-Flug, J.), entered August 28, 2009, which, upon the denial of its motion pursuant to CPLR 4401 for judgment as a matter of law made at the close of the plaintiff's case, upon the denial of its renewed

motion pursuant to CPLR 4401 for judgment as a matter of law made at the close of evidence, upon a jury verdict on the issue of liability finding the plaintiff 20% at fault in the happening of the accident, the defendant Roberto M. Lewis 30% at fault, and it 50% at fault, and upon the denial of its motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability as contrary to the weight of the evidence or, in the alternative, as unsupported by legally sufficient evidence and for judgment as a matter of law, apportioned fault among the parties accordingly.

Ordered that the interlocutory judgment is affirmed, with costs.

"It has long been held that a municipality owe[s] to the public the absolute duty of keeping its streets in a reasonably safe condition. While this duty is nondelegable, it is measured by the courts with consideration given to the proper limits on intrusion into the municipality's planning and decision-making functions" (*Friedman v State of New York*, 67 NY2d 271, 283 [1986] [internal quotation marks and citations omitted]). Thus, in the field of traffic design engineering, a municipality is accorded a qualified immunity from liability arising out of a highway planning decision (*see Turturro v City of New York*, 77 AD3d 732, 735 [2010]).

However, the doctrine of qualified immunity will not apply where the municipality has not conducted a study which "entertained and passed on the very same question of risk" (*Weiss v Fote*, 7 NY2d 579, 588 [1960]), such as the risk at issue here (*see Ernest v Red Cr. Cent. School Dist.*, 93 NY2d 664 [1999]; *Santiago v New York City Tr. Auth.*, 271 AD2d 675 [2000]).

In this case, the issue before the jury was whether the intersection of Queens Boulevard and 55th Avenue presented an unreasonable risk to pedestrians, and the evidence was undisputed that, at the time of this accident, the City of New York had not conducted any pedestrian safety studies which included that intersection (*compare Levi v Kratovac*, 35 AD3d 548 [2006] [city entitled to qualified immunity where, after completion of pedestrian safety study, it made certain improvements to Queens Boulevard, including intersection where that accident occurred, and improvements were made in accordance with reasonable traffic plan made after adequate study]). Therefore, the City was not entitled to judgment as a matter of law on the ground of qualified immunity.

Moreover, on the evidence presented, there was a rational process by which the jury could find that the intersection was

unreasonably dangerous for pedestrians, that the City had notice of the dangerous condition, and that the City's negligence was a proximate cause of the accident (*see Szczerbiak v Pilat*, 90 NY2d 553 [1997]). Furthermore, we are not persuaded that those findings were contrary to the weight of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]).

The City's remaining contentions are either unpreserved for appellate review or without merit. Dillon, J.P., Covello, Florio and Hall, JJ., concur.