■ Cheryle Barone, Respondent, v County of Suffolk, Appellant, et al., Defendants. [925 NYS2d 614]—

In an action to recover damages for personal injuries, the defendant County of Suffolk appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Rebolini, J.), dated October 7, 2010, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the contention of the defendant County of Suffolk, the Supreme Court properly denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it. The County failed to establish, prima facie, that it was entitled to judgment as a matter of law on the basis of qualified immunity (*see Bresciani v County of Dutchess, N.Y.*, 62 AD3d 639, 640 [2009]; *Appelbaum v County of Sullivan*, 222 AD2d 987, 988-989 [1995]; *see generally Friedman v State of New York*, 67 NY2d 271 [1986]). Specifically, the County failed to establish, as a matter of law, that once it was made aware of the alleged dangerous condition involving the subject intersection, it undertook an adequate study of the

intersection (*see Bresciani v County of Dutchess, N.Y.,* 62 AD3d at 640; *Scott v City of New York,* 16 AD3d 485, 486 [2005]). Moreover, the County failed to establish, prima facie, that there existed a reasonable basis for its planning decisions for the subject intersection or that it continued to effectively review its plan in light of its actual operation (*see Friedman v State of New York,* 67 NY2d at 284; *Alexander v Eldred,* 63 NY2d 460, 466-467 [1984]; *Scott v City of New York,* 16 AD3d at 486; *Burgess v Town of Hempstead,* 161 AD2d 616, 617 [1990]). Also, contrary to the County's contention, it failed to establish, as a matter of law, that its alleged negligence was not a proximate cause of the accident (*see Ernest v Red Cr. Cent. School Dist.,* 93 NY2d 664, 674-675 [1999]; *see generally Derdiarian v Felix Contr. Corp.,* 51 NY2d 308 [1980]).

The County's failure to satisfy its prima facie burden required the denial of its motion, regardless of the sufficiency of the plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *Hepburn v Croce,* 295 AD2d 475, 477 [2002]). Skelos, J.P., Covello, Balkin and Austin, JJ., concur.