■ JOSEPH MARE, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendants. [977 NYS2d 342]—

In an action to recover damages for personal injuries, the defendant City of New York appeals from an order of the Supreme Court, Queens County (Flug, J.), dated March 5, 2012, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff was injured when he was struck by a vehicle at or near the intersection of Francis Lewis Boulevard and 172nd Street in Queens. The plaintiff commenced this action against, among others, the City of New York, alleging, inter alia, that the accident was caused by the unsafe design of the crosswalk and traffic signals at the subject intersection. The City moved for summary judgment dismissing the complaint insofar as asserted against it, and the Supreme Court denied the motion.

The City failed to meet its prima facie burden of establishing its entitlement to judgment as a matter of law. "In the area of

traffic design engineering, a municipality will generally be accorded qualified immunity from liability arising out of its highway planning decisions" (*Turturro v City of New York*, 77 AD3d 732, 735 [2010]; *see Kuhland v City of New York*, 81 AD3d 786, 787 [2011]). "A governmental body may be liable for a traffic planning decision only when its study is 'plainly inadequate or there is no reasonable basis for its . . . plan' " (*Affleck v Buckley*, 96 NY2d 553, 556 [2001], quoting *Friedman v State of New York*, 67 NY2d 271, 284 [1986]).

Here, the City failed to establish, prima facie, that there was a reasonable basis for its traffic plan at the subject intersection. In particular, the evidence presented by the City failed to establish that it undertook a study which entertained and passed on the very same question of risk that is at issue in this case (*see Weiss v Fote*, 7 NY2d 579, 588 [1960]; *Kuhland v City of New York*, 81 AD3d at 787), or that the design of the intersection and crosswalk was reasonably safe (*see Barone v County of Suffolk*, 85 AD3d 836 [2011]; *McArthur v Muhammad*, 46 AD3d 640 [2007]; *Scott v City of New York*, 16 AD3d 485 [2005]). Since the City failed to satisfy its prima facie burden, its motion was properly denied without regard to the sufficiency of the opposition papers (*see Bresciani v County of Dutchess, N.Y.*, 62 AD3d 639, 640 [2009]).

The City's remaining contentions are either without merit or not properly before this Court. Rivera, J.P., Skelos, Chambers and Hall, JJ., concur.