In an action to recover damages for personal injuries, etc., the defendant Town of Oyster Bay appeals from stated portions of an order of the Supreme Court, Nassau County (Winslow, J.), entered May 1, 2012, which, inter alla, denied that branch of its motion which was pursuant to CPLR 3211 (a) to dismiss the claim alleging obstruction of sight lines at the intersection where the subject accident occurred.
Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the Town of Oyster Bay which was pursuant to CPLR 3211 (a) to dismiss the claim alleging obstruction of sight lines at the subject intersection, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
This action arises from a motor vehicle accident that occurred at the intersection of Park Boulevard and Beaumont Avenue in Massapequa Park, when the plaintiffs’ vehicle, which was traveling southbound on Park Boulevard, was struck by a vehicle operated by the defendant Nikolette Dandra Odierno, who was traveling eastbound on Beaumont Avenue. The intersection of Park Boulevard and Beaumont Avenue is located within the Town of Oyster Bay, and is controlled by stop signs for traffic traveling on Beaumont Avenue. The plaintiffs allege that the accident occurred when Odierno ran the stop sign facing her on Beaumont Avenue.
The complaint alleged, inter alla, that the Town was negligent, among other things, in failing to maintain the roadways and traffic control devices and in allowing overgrown vegetation to *824 obscure drivers’ views of the intersection and of traffic on the intersecting roadways. The Town moved, inter alla, pursuant to CPLR 3211 (a) to dismiss any claim which alleged a theory of liability for which prior written notice was required in accordance with Town Law. Specifically, the Town argued that any claim concerning the obstruction of the sight lines at the intersection was subject to dismissal because the plaintiffs had failed to plead that the Town had prior written notice of that condition as required by section 160-1 (A) of the Code of the Town of Oyster Bay. The Supreme Court denied the motion.
The Town correctly argues that any claim that vegetation obstructed a driver’s view of the intersection and of traffic on the intersecting roadways is subject to its prior written notice statute (see Dworkin v Ecolab, Inc., 283 AD2d 544 [2001]; Forsythe-Kane v Town of Yorktown, 249 AD2d 505 [1998]; Bounauito v Floyd School Dist., 203 AD2d 225 [1994]; Levine v Sharon, 160 AD2d 840 [1990]; Redmond v Lomanto, 144 AD2d 448 [1988]). Since the plaintiffs did not allege that the Town had received prior written notice of any obstructed sight lines in and around the subject intersection, the Supreme Court should have granted that branch of the Town’s motion which was to dismiss that claim (see Woodson v City of New York, 93 NY2d 936, 937 [1999]).
In light of our determination, we need not address the Town’s remaining contention. Skelos, J.P, Balkin, Austin and Sgroi, JJ., concur. [Prior Case History: 2012 NY Slip Op 31277(U).]