■ PETER POVEROMO et al., Respondents, v TOWN OF CORTLANDT et al., Appellants. [6 NYS3d 617]—

In an action, inter alia, to recover damages for personal injuries, the defendant Town of Cortlandt appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated July 19, 2013, as denied its motion pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against it or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against it, and the defendants Daniel W. Dondero and Karol A. Dondero separately appeal, as limited by their brief, from so much of the same order as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Town of Cortlandt which was pursuant to CPLR 3211 (a) to dismiss so much of the complaint as alleged that it was liable for an allegedly dangerous limited sight condition created by an evergreen tree, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with one bill of costs to the plaintiffs payable by the defendants Daniel W. Dondero and Karol A. Dondero.

The plaintiff Peter Poveromo (hereinafter the injured plaintiff) allegedly was injured in a motorcycle accident that occurred at the intersection of Fairview Place and Waterbury Parkway in the defendant Town of Cortlandt. The injured plaintiff, and his wife suing derivatively, commenced this action against the Town and the defendants Daniel W. Dondero and Karol A. Dondero (hereinafter together the Donderos), who owned a parcel of property adjoining the subject intersection. The plaintiffs alleged that the Donderos were negligent in that they, among other things, in violation of a provision of the Town Code of the Town of Cortlandt (hereinafter the Town Code), allowed a large evergreen tree to remain on their prop-

erty which obscured the vision of motorists navigating the subject intersection. With respect to the Town, the plaintiffs alleged, inter alia, that the Town was negligent in that it allowed the allegedly dangerous limited sight condition created by the evergreen tree to remain. The plaintiffs also alleged that the Town was negligent in creating a dangerous condition by painting certain street lines and by failing to install appropriate traffic control devices at the subject intersection.

The Town moved pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against it, or alternatively, for summary judgment dismissing the complaint insofar as asserted against it. The Town argued, among other things, that it did not have prior written notice of the alleged dangerous conditions as required by the Town Code, that it was entitled to qualified immunity with regard to the road design and striping, and that it could not be held liable because the injured plaintiff's actions were the sole proximate cause of his injuries. The Donderos separately moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that they could not be held liable because the injured plaintiff's actions were the sole proximate cause of his injuries. The Supreme Court denied both motions. We modify.

The Supreme Court should have granted that branch of the Town's motion which was pursuant to CPLR 3211 (a) to dismiss so much of the complaint as alleged that it was liable for the allegedly dangerous limited sight condition created by the evergreen tree on the Donderos' property. As the Town correctly argues, any allegation that vegetation obstructed a driver's view of the intersection and of traffic on the intersecting roadways is subject to its prior written notice statute (*see Dutka v Odierno,* 116 AD3d 823 [2014]; *Dworkin v Ecolab, Inc.,* 283 AD2d 544 [2001]; *Forsythe-Kane v Town of Yorktown,* 249 AD2d 505 [1998]; *Bounauito v Floyd School Dist.,* 203 AD2d 225 [1994]). Here, since the plaintiffs did not allege that the Town had prior written notice of any obstructed sight lines in and around the subject intersection, the Supreme Court should have granted that branch of the Town's motion which was pursuant to CPLR 3211 (a) to dismiss so much of the complaint as alleged that it was liable based upon the evergreen tree (*see Dutka v Odierno,* 116 AD3d 823, 824 [2014]).

However, the Supreme Court properly denied that branch of the Town's motion which was pursuant to CPLR 3211 (a) to dismiss so much of the complaint as alleged that the Town negligently created a dangerous condition by painting certain street lines and by failing to install appropriate traffic control

devices at the subject intersection. The prior written notice provision of the Town Code does not apply to a claim that a municipality allegedly created a defect or hazard through an affirmative act of negligence (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]), such as the Town's allegedly negligent act of painting certain street lines, or to a claim that the municipality failed to provide appropriate traffic control devices at an intersection (*see Hughes v Jahoda*, 75 NY2d 881 [1990]; *Alexander v Eldred*, 63 NY2d 460 [1984]; *Forsythe-Kane v Town of Yorktown*, 249 AD2d 505 [1998]; *Bounauito v Floyd School Dist.*, 203 AD2d 225 [1994]).

The Town also failed to establish its prima facie entitlement to judgment as a matter of law dismissing so much of the complaint as alleged that it negligently created a dangerous condition by painting certain street lines and by failing to install appropriate traffic control devices at the subject intersection, based upon the defense of qualified immunity. "It has long been held that a municipality owe[s] to the public the absolute duty of keeping its streets in a reasonably safe condition. While this duty is nondelegable, it is measured by the courts with consideration given to the proper limits on intrusion into the municipality's planning and decision-making functions. Thus, in the field of traffic design engineering, a municipality is accorded a qualified immunity from liability arising out of a highway planning decision" (*Kuhland v City of New York*, 81 AD3d 786, 787 [2011] [internal quotation marks and citation omitted]; *see Mare v City of New York*, 112 AD3d 793 [2013]; *Bresciani v County of Dutchess, N.Y.*, 62 AD3d 639, 640 [2009]; *Scott v City of New York*, 16 AD3d 485 [2005]; *see generally Ernest v Red Cr. Cent. School Dist.*, 93 NY2d 664 [1999]). "However, the doctrine of qualified immunity will not apply where the municipality has not conducted a study which entertained and passed on the very same question of risk" (*Kuhland v City of New York*, 81 AD3d at 787 [internal quotation marks omitted]). Here, the evidence presented by the Town failed to establish that it undertook a study which entertained and passed on the question of risk that is at issue in this case (*see Weiss v Fote*, 7 NY2d 579, 584 [1960]; *Mare v City of New York*, 112 AD3d 793 [2013]; *Kuhland v City of New York*, 81 AD3d 786 [2011]), or that the design of the intersection was reasonably safe (*see Mare v City of New York*, 112 AD3d 793 [2013]; *Scott v City of New York*, 16 AD3d 485 [2005]). Since the Town failed to satisfy its prima facie burden on this branch of its motion, it was properly denied, regardless of the sufficiency of the plaintiffs' opposition papers (*see Mare v City of New York*, 112 AD3d at 794; *Bresciani v County of Dutchess*, 62 AD3d at 640).

The Supreme Court also properly denied those branches of the motions of the Town and the Donderos which were for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the injured plaintiff's actions were the sole proximate cause of his injuries. "There can be more than one proximate cause of an accident" (*Cox v Nunez*, 23 AD3d 427, 427 [2005]; *see Rodriguez v Klein*, 116 AD3d 939 [2014]), and where varying inferences as to causation are possible, resolution of the issue of proximate cause is a question for the jury (*see Ernest v Red Cr. Cent. School Dist.*, 93 NY2d 664, 674 [1999]). As such, even a finding that the injured plaintiff violated the Vehicle and Traffic Law would not preclude a finding that negligence by either the Town or the Donderos contributed to the accident (*see Cox v Nunez*, 23 AD3d at 427-428). Here, the Town's submissions failed to eliminate all triable issues of fact as to whether any negligence in the design of the intersection was a proximate cause of the accident. Additionally, the Donderos' submissions failed to eliminate all triable issues of fact as to whether any obstruction caused by the evergreen tree was a proximate cause of the accident (*see Ernest v Red Cr. Cent. School Dist.*, 93 NY2d at 674). Since the Town and the Donderos each failed to establish, prima facie, that any negligence on their part was not a proximate cause of the accident, those branches of their respective motions were properly denied, regardless of the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Cox v Nunez*, 23 AD3d at 428). Mastro, J.P., Dillon, Hall and Miller, JJ., concur.