MILANA LANGER, an Infant, by Her Mother and Natural Guardian, VICTORIA LANGER, et al., Appellants, v DIMITRIOS XENIAS et al., Defendants, and CITY OF NEW YORK, Respondent. [23 NYS3d 261]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Jimenez-Salta, J.), dated May 8, 2014, as granted that branch of the motion of the defendant City of New York which was, in effect, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant City of New York which was, in effect, for summary judgment dismissing the complaint insofar as asserted against it is denied.

The infant plaintiff, a pedestrian, allegedly was injured when two vehicles collided at the intersection of East 28th Street and Avenue V in Brooklyn. East 28th Street was controlled by a stop sign and there was no traffic control device on Avenue V. A van proceeded south on East 28th Street when it was struck by a car driven east on Avenue V. The van was pushed onto the sidewalk, where it hit the infant plaintiff.

The plaintiffs commenced this action against the drivers of the two vehicles, the owner of the van, and the City of New York. As pertinent here, the plaintiffs alleged that the City failed to maintain the intersection in a reasonably safe condi-

tion in that there were an unusually high number of accidents and the intersection warranted installation of an all-way stop sign. The City moved, inter alia, in effect, for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted that branch of the motion, and the plaintiffs appeal.

A municipality owes a nondelegable duty to keep its streets in a reasonably safe condition (*see Friedman v State of New York*, 67 NY2d 271, 283 [1986]; *Weiss v Fote*, 7 NY2d 579, 585-586 [1960]). However, it is accorded a qualified immunity from liability arising out of a highway safety planning decision (*see Friedman v State of New York*, 67 NY2d at 283; *Alexander v Eldred*, 63 NY2d 460, 465-466 [1984]; *Weiss v Fote*, 7 NY2d at 585-586). A municipality may be held liable only "when its study of a traffic condition is plainly inadequate or there is no reasonable basis for its traffic plan" (*Friedman v State of New York*, 67 NY2d at 284; *see Alexander v Eldred*, 63 NY2d at 466; *James v New York State Bridge Auth.*, 295 AD2d 316 [2002]; *Schuster v McDonald*, 263 AD2d 473 [1999]).

Here, the City failed to establish, prima facie, its entitlement to judgment as a matter of law on its defense of qualified immunity (*see Ernest v Red Cr. Cent. School Dist.*, 93 NY2d 664, 673 [1999]; *Bresciani v County of Dutchess, N.Y.*, 62 AD3d 639 [2009]). The City's submissions established that the May 2007 determination of the New York City Department of Transportation (hereinafter the DOT) that a stop sign was not warranted on Avenue V at the intersection was based on an adequate study which "included an on-site inspection, vehicle and pedestrian counts, a listing of warrants issued (including those for automobile accidents) and review by certified engineers" (*Schuster v McDonald*, 263 AD2d at 474; *see Friedman v State of New York*, 67 NY2d at 285-286). The DOT, however, received another request for traffic control signals on Avenue V at the intersection in April 2008. In response, the DOT indicated that it would re-evaluate its previous study by reviewing the latest accident data. The DOT reviewed an updated accident summary, which showed sufficient recent accidents for it to seek accident reports to determine whether there were sufficient preventable accidents at the intersection for the intersection to meet the "crash experience" criterion used to determine whether there is a need for a traffic control device on Avenue V at the intersection. However, when the local police precinct was unable to provide more than three of the eight requested accident reports, the DOT took no further action to obtain the necessary data in order to complete its re-evaluation. Due to insufficient data, no

"considered determination" was made on the issue of whether a stop sign was or was not warranted on Avenue V in light of the new accident data (*Affleck v Buckley*, 96 NY2d 553, 557 [2001]).

"Once [a municipality] is made aware of a dangerous traffic condition it must undertake reasonable study thereof with an eye toward alleviating the danger" (*Friedman v State of New York*, 67 NY2d at 284; *see Heffler v State of New York*, 96 AD2d 926, 927 [1983]). "Moreover, after the [municipality] implements a traffic plan it is 'under a continuing duty to review its plan in the light of its actual operation'" (*Friedman v State of New York*, 67 NY2d at 284, quoting *Weiss v Fote*, 7 NY2d at 587). Under these circumstances, the City's submissions revealed triable issues of fact regarding the adequacy of the DOT's 2008 re-evaluation of its prior study which it undertook to complete, and the reasonableness of the City's failure to install a stop sign on Avenue V at the intersection under all of the attendant circumstances (*see Scheemaker v State of New York*, 70 NY2d 985, 986 [1988]; *Friedman v State of New York*, 67 NY2d at 284; *Alexander v Eldred*, 63 NY2d at 463-466; *Weiss v Fote*, 7 NY2d at 585-586; *Bresciani v County of Dutchess, N.Y.*, 62 AD3d 639 [2009]; *Scott v City of New York*, 16 AD3d 485 [2005]; *Carrillo v County of Rockland*, 11 AD3d 575 [2004]; *Forsythe-Kane v Town of Yorktown*, 249 AD2d 505 [1998]).

Further, the City failed to demonstrate its prima facie entitlement to judgment as a matter of law on the issue of proximate cause. Proximate cause is generally an issue for the jury (*see Nowlin v City of New York*, 81 NY2d 81, 89 [1993]; *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]). The City's submissions failed to demonstrate that the absence of a stop sign on Avenue V did not "'contribute[ ] to the happening of the accident by materially increasing the risk'" (*Brown v State of New York*, 79 AD3d 1579, 1585 [2010], quoting *Ernest v Red Cr. Cent. School Dist.*, 93 NY2d at 675). It cannot be concluded as a matter of law that the accident would still have occurred had there been a stop sign controlling traffic on Avenue V (*see Scheemaker v State of New York*, 70 NY2d at 986; *McIntosh v Village of Freeport*, 95 AD3d 965 [2012]).

Accordingly, that branch of the City's motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted against it should have been denied, regardless of the sufficiency of the plaintiffs' opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Leventhal, J.P., Dickerson, Maltese and Duffy, JJ., concur.