Schneider v Hanasab (2019 NY Slip Op 08437)





Schneider v Hanasab


2019 NY Slip Op 08437


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-13167
 (Index No. 608726/16)

[*1]Beth Schneider, etc., plaintiff-respondent,
v
Haroon Hanasab, defendant-respondent, Town of North Hempstead, appellant, et al., defendants.


Leonard G. Kapsalis, Town Attorney, Manhasset, NY (Amanda Abata and Samantha Rose Flores of counsel), for appellant.
Alpert, Slobin & Rubenstein, LLP (Lisa M. Comeau, Garden City, NY, of counsel), for plaintiff-respondent.
Picciano & Scahill, P.C., Bethpage, NY (Keri A. Wehrheim of counsel), for defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries and wrongful death, etc., the defendant Town of North Hempstead appeals from an order of the Supreme Court, Nassau County (Thomas Feinman, J.), entered September 26, 2018. The order, in effect, denied that branch of that defendant's motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is affirmed, with one bill of costs.
On June 6, 2016, Barry Schneider (hereinafter the decedent), was riding a motorized scooter when he was struck by a vehicle being driven by the defendant Haroon Hanasab at the intersection of Bayview Avenue and Shore Park Road in North Hempstead. As a result of the accident, the decedent sustained injuries which ultimately caused his death.
The plaintiff, the executrix of the decedent's estate, commenced this action to recover damages for personal injuries and wrongful death against, among others, the Town of North Hempstead and Hanasab. The plaintiff alleged, inter alia, (1) that Hanasab was negligent in failing to stop at the stop sign on Shore Park Road, and (2) that the Town was negligent in failing to maintain the vegetation in the median island on Shore Park Road, and in placing a stop sign and stop line in such a position that it created a dangerous condition. The Town moved, inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court, in effect, denied that branch of the Town's motion, and the Town appeals.
"There can be more than one proximate cause of an accident" (Cox v Nunez, 23 AD3d 427, 427). "[W]here varying inferences as to causation are possible, resolution of the issue of proximate cause is a question for the jury" (Poveromo v Town of Cortlandt, 127 AD3d 835, 838; see [*2]Ernest v Red Cr. Cent. School Dist., 93 NY2d 664, 674). Here, the Town's submissions failed to eliminate all triable issues of fact as to whether its alleged negligence in its maintenance of the vegetation in the median island and in its placement of the stop sign and stop line, was a proximate cause of the accident (see Langer v Xenias, 134 AD3d 906, 908; Poveromo v Town of Cortlandt, 127 AD3d at 838).
Contrary to the Town's contention, it failed to establish its prima facie entitlement to judgment as a matter of law on the basis of qualified governmental immunity. While a municipality will generally be accorded qualified immunity from liability arising out of its planning decisions (see Kuhland v City of New York, 81 AD3d 786, 787; Turturro v City of New York, 77 AD3d 732, 735), here, the doctrine of qualified immunity does not apply since the Town, by its submissions, "failed to establish that it undertook a study which entertained and passed on the question of risk that is at issue in this case" (Poveromo v Town of Cortlandt, 127 AD3d at 837; see Weiss v Fote, 7 NY2d 579, 584; Mare v City of New York, 112 AD3d 793; Kuhland v City of New York, 81 AD3d at 787).
Accordingly, we agree with the Supreme Court's determination, in effect, to deny that branch of the Town's motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
SCHEINKMAN, P.J., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court