■ PAUL E. KLEIN et al., Respondents-Appellants, v NEW YORK STATE THRUWAY AUTHORITY, Appellant-Respondent. [632 NYS2d 184] —In a claim, *inter alia,* to recover damages for personal injuries and wrongful death, the defendant appeals from (1) an interlocutory judgment of the Court of Claims (NeMoyer, J.), dated July 30, 1992, which, after a nonjury trial, is in favor of the claimants, and (2) a judgment of the same court dated January 27, 1993, which, after a nonjury trial on the issue of damages, is in favor of the claimants and against it in the principal sum of $972,474.40, and the claimants cross-appeal from the judgment on the ground of inadequacy.

Ordered that the appeal from the interlocutory judgment is dismissed; and it is further,

Ordered that the judgment is modified, on the law and the facts and as an exercise of discretion, by deleting the first decretal paragraph thereof, awarding damages for wrongful death, and substituting therefore a provision awarding the claimant Paul E. Klein the principal sum of $156,474.40 for past damages and the principal sum of $291,000 for future damages; as so modified, the judgment is affirmed, and the matter is remitted to the Court of Claims for a determination of the interest due to Paul E. Klein and for the entry of an appropriate amended judgment; and it is further,

Ordered that the claimants are awarded one bill of costs.

The appeal from the interlocutory judgment must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the interlocutory judgment are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

On the afternoon of January 21, 1988, a major rock slide oc-

curred at milepost 10.8 of the New York State Thruway, injuring the claimant Phyllis Neier and killing Judith R. Klein, after a boulder struck the front portion of the vehicle in which they were traveling. The defendant, which had actual notice of falling rocks, boulders, and debris at milepost 10.8, was negligent in having failed to protect users of its highway from this dangerous condition *(see, Shaknis v State of New York,* 251 App Div 767, *affd sub nom. Doulin v State of New York,* 277 NY 558).

The defendant, nevertheless, contends that it is immune from liability because in implementing a "bolting and strapping project" in 1975 for remediation of the rock slope at milepost 10.8, it exercised its expert judgment in the course of government planning for the public safety, a decision which it claims is not reviewable by this Court. While courts are not permitted to review determinations of governmental planning bodies under the guise of allowing them to be challenged in negligence suits, liability for injury arising out of the operation of a duly-executed highway safety plan may be predicated on proof that the plan either was evolved without adequate study or lacked a reasonable basis *(see, Alexander v Eldred,* 63 NY2d 460, 466; *Weiss v Fote,* 7 NY2d 579, 588-589).

The evidence adduced at trial was sufficient to establish that the defendant's bolting and strapping project, which consisted of strapping rocks and boulders of the rock cut to the slope, lacked a reasonable basis, and was implemented without adequate study.

Most telling is a 1957 study of the rock slope at milepost 10.8 conducted by Paul Bird, a geologist of the Department of Transportation (hereinafter DOT), in which he determined the possibility of future rock slides at milepost 10.8 and recommended that the slope be either set back or flattened so as to prevent further rock slides from reaching the traveled portion of the Thruway. According to Bird, even "benching", which entails placing horizontal steps on the rock face, would not have rendered the rock slope safe. Thus, based on Bird's report the bolting and strapping project lacked a reasonable basis.

Furthermore, there was evidence that the study conducted by the defendant in 1974 to remediate the problem of falling rocks at milepost 10.8 was inadequate. The DOT engineers hired by the defendant did not conduct a geologic mapping, did not take any drill core samples, nor did they use a bore-hole camera, and did not even consider implementing the safety measures recommended by Bird.

Moreover, even though the bolting and strapping project had

an estimated life span of 20 years, at no time after the date of installation did the defendant inspect or maintain the bolts and straps *(see, Hesse v City of New York,* 185 App Div 707).

The portion of the award for the wrongful death of Judith R. Klein which was premised upon her husband's deprivation of her extensive homemaking services was inadequate, insofar as the court failed to consider that these services would have been provided to her husband for the remainder of his life *(see, Gonzalez v New York City Hous. Auth.,* 77 NY2d 663, 668; *De-Long v County of Erie,* 60 NY2d 296, 307; *Brown v Horn,* 179 AD2d 1073, 1074).

We have reviewed the remaining issues and find them to be without merit. Thompson, J. P., Copertino, Hart and Goldstein, JJ., concur.