■ CHARLES P. NORTON et al., Respondents, v VILLAGE OF ENDICOTT, Appellant, et al., Defendants. [720 NYS2d 412] —Peters, J. P. Appeal from an order of the Supreme Court (Coutant, J.), entered December 30, 1999 in Broome County, which denied defendant Village of Endicott's motion for summary judgment dismissing the complaint against it.

A motor vehicle accident occurred in the Village of Endicott, Broome County, between plaintiff Charles P. Norton (hereinafter plaintiff), who was traveling south on Exchange Street, and defendant Norryce G. Giordano, who was traveling east on Main Street, Alley South. Asserting that Giordano failed to stop or yield the right-of-way at the intersection of these streets and that there were no traffic control devices, plaintiff, and his wife derivatively, commenced this action alleging negligence against both Giordano and the Village.

As to the Village, plaintiffs asserted that the lack of signage and/or a stop light at the subject intersection rendered it unsafe, hazardous and dangerous. After issue was joined, the Village moved for summary judgment, contending that the lack of prior written notice of a defective, hazardous or dangerous condition at such intersection warranted dismissal. In support, it proffered the affidavit of Donna Kilbury, the Village Clerk, who confirmed, after her search of written notices and minutes of Village board meetings, that no prior written notice was ever received by the Village with respect to this intersection. In response, plaintiffs' attorney alleged that the prior written notice laws are inapplicable when a municipality actively creates the defective condition or exercises exclusive control over the area. Additionally, plaintiffs contended that the dearth of discovery to date prevented inquiry as to whether the Village conducted appropriate studies to determine the placement of traffic control devices or the lack thereof at the subject site. Supreme Court denied the motion and this appeal followed.

By local law, "[n]o civil action shall be brought or maintained against the Village * * * for damages or injuries to person or property * * * unless written notice of the existence of such condition relating to the particular place, had theretofore actually been given to the Village Clerk" (Local Laws, 1954, No. 1 of Village of Endicott § 185-1). While such prior written notice provisions have been strictly construed by the courts (see, Poirier v City of Schenectady, 85 NY2d 310, 313), "the[y] * * * have refused to extend the prior notice requirement to the failure to maintain or erect traffic signs" (Ramundo v Town of Guilderland, 142 AD2d 50, 53; see, Alexander v Eldred, 63 NY2d 460, 467) or other traffic control devices (see, Holmes v City of Elmira, 251 AD2d 844) since these are highway planning decisions which give a municipality a qualified immunity from liability for errors resulting therefrom (see, id., at 845). Such immunity is predicated upon an ability to demonstrate that the relevant discretionary determination by the municipality "was the result of a deliberate decision-making process"

(*id.*, at 845; *see, Friedman v State of New York*, 67 NY2d 271, 284). With the Village unable to sustain its burden to demonstrate that its failure to erect a traffic control device at the subject intersection was the result of a deliberate decision-making process, we agree that it was entitled to neither qualified immunity from liability nor judgment as a matter of law (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851).

To the extent that the Village seeks a dismissal of the claim alleging its negligent maintenance of this intersection, we again note an exception to the requirement of prior written notice where " 'a municipality has or should have knowledge of [the existence of] a defective or dangerous condition' " (*Ramundo v Town of Guilderland*, 142 AD2d 50, 53, *supra*, quoting *Klimek v Town of Ghent*, 114 AD2d 614, 615; *see, Poirier v City of Schenectady*, *supra*). With the lack of discovery to date which could have enabled plaintiff to ascertain whether the Village knew or should have known of the allegedly dangerous condition thereat, an award of summary judgment would be premature.

Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.