■ DONALD HANNON et al., Individually and as Parents and Guardians of MATTHEW HANNON, an Infant, Appellants, v STATE OF NEW YORK, Respondent. [786 NYS2d 613]—

Crew III, J.P. Appeal from a judgment of the Court of Claims (Collins, J.), entered May 19, 2003, upon a decision of the court following a bifurcated trial in favor of defendant on the issue of liability.

In March 1999, Matthew Hannon was struck by an automobile while attempting to cross State Route 146 at a point east of its intersection with County Route 202—also known as School Road—in the Town of Guilderland, Albany County. As a consequence, claimants commenced this action to recover damages due to defendant's negligence. Following a bifurcated trial on the issue of liability, the Court of Claims dismissed the claim, prompting this appeal.

We affirm. Contrary to claimants' assertion, the record is bereft of any evidence of defendant's actual or constructive notice of a dangerous condition. As to claimants' contention that the Court of Claims erred in concluding that defendant was entitled to qualified immunity, we also disagree. The record makes plain that defendant conducted numerous studies regarding the intersection in question and determined that its design was desirable and safe for pedestrian traffic. Such a discretionary determination gives rise to qualified immunity unless the study underlying it is plainly inadequate or there is no reasonable basis for such determination (see *Friedman v State of New York*, 67 NY2d 271, 283 [1986]). While it is true that claimants produced an expert who opined that certain additional safety precautions were necessary at and around the intersection in question, " 'something more than a mere choice between conflicting opinions of experts is required before [defendant] or one of its subdivisions may be charged with a failure to discharge its duty to plan highways for the safety of the traveling public' " (*Friedman v State of New York, supra* at 284, quoting *Weiss v Fote*, 7 NY2d 579, 588 [1960]). Accordingly, the judgment must be affirmed.

Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.