■ PESSY MOSKOVITZ, an Infant, by Her Mother and Natural Guardian, FRIEDA MOSKOVITZ, et al., Respondents, v CITY OF NEW YORK, Appellant. [14 NYS3d 425]—

In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Ash, J.), dated November 16, 2012, as denied so much of its motion for summary judgment dismissing the complaint as was based on qualified governmental immunity.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Kings County, for a determination of so much of the defendant's motion for summary judgment dismissing the complaint as was based on governmental function immunity.

The infant plaintiff was injured when she fell on playground equipment located at McCarren Park in Brooklyn. The plaintiffs commenced this action against the City of New York alleging, inter alia, that the accident was caused by the unsafe design of the playground equipment. The City moved for summary judgment dismissing the complaint based on both qualified governmental immunity and governmental function immunity, and separately moved for leave to serve an amended answer that included those affirmative defenses. The Supreme Court denied so much of the City's motion for summary judgment dismissing the complaint as was based on qualified governmental immunity, and granted its motion for leave to serve an amended answer.

Contrary to the City's contention, it failed to establish its prima facie entitlement to judgment as a matter of law on the basis of qualified governmental immunity. While a municipality will generally be accorded qualified immunity from liability arising out of its planning decisions (*see Kuhland v City of New York*, 81 AD3d 786, 787 [2011]; *Turturro v City of New York*, 77 AD3d 732, 735 [2010]), a governmental body may be liable for a planning decision when its study is "plainly inadequate or there is no reasonable basis for its plan" (*Affleck v Buckley*, 96 NY2d 553, 556 [2001] [internal quotation marks and brackets omitted]). Here, the evidence presented by the City failed to es-

tablish that it undertook a study which entertained and passed on the very same question of risk that is at issue in this case (*see Weiss v Fote*, 7 NY2d 579, 588 [1960]; *Kuhland v City of New York*, 81 AD3d at 787). Since the City failed to satisfy its prima facie burden, that portion of its motion was properly denied without regard to the sufficiency of the opposition papers (*see Mare v City of New York*, 112 AD3d 793 [2013]; *Bresciani v County of Dutchess, N.Y.*, 62 AD3d 639, 640 [2009]).

Since the Supreme Court did not address so much of the City's motion for summary judgment dismissing the complaint as was based on governmental function immunity, we remit the matter for a determination of that portion of the motion and do not reach the City's contentions with respect thereto.

The respondents' contention that the court erred in granting the City's motion for leave to serve an amended answer is not properly before this Court because the respondents did not take an appeal or cross appeal from the order (*see Matter of Lucinda A. [Luba A.]*, 120 AD3d 492, 493 [2014]).

The City's remaining contention is not properly before this Court. Rivera, J.P., Hall, Austin and Cohen, JJ., concur.