■ NICOLLETTE ANN IACONE, by Her Coguardians, NICHOLAS J. IACONE et al., Respondents, v SAL PASSANISI, JR., et al., Respondents, and COUNTY OF NASSAU, Appellant, et al., Defendants. [19 NYS3d 583]—

In an action to recover damages for personal injuries, etc., the defendant County of Nassau appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (K. Murphy, J.), entered May 31, 2013, as denied that branch of its motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it on the ground that it was entitled to qualified immunity.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the plaintiffs-respondents and the defendants-respondents appearing separately and filing separate briefs.

The plaintiff Nicollette Ann Iacone was injured as a result of a motor vehicle accident at an intersection in Oceanside, and her parents, on her behalf and individually, thereafter commenced this action against the County of Nassau, among others. The complaint alleged, inter alia, that the view of oncoming traffic at the subject intersection was obstructed by a sensor station cabinet owned by the County and by hedges which the County had failed to trim. The County moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied the motion, and the County appeals from so much of the order as denied that branch of its motion which was based on qualified immunity.

A governmental body owes a nondelegable duty to keep its streets in a reasonably safe condition (*see Schuster v McDonald*, 263 AD2d 473, 474 [1999]). However, a governmental body is accorded a qualified immunity from liability arising out of a highway safety planning decision (*see Poveromo v Town of Cortlandt*, 127 AD3d 835, 837 [2015]; *Kuhland v City of New York*, 81 AD3d 786, 787 [2011]; *Schuster v McDonald*, 263 AD2d at 474). Such immunity is predicated upon an ability to demonstrate that the relevant discretionary determination by the governmental body was the result of a deliberative decision-making process (*see Norton v Village of Endicott*, 280 AD2d 853, 855 [2001]).

Contrary to the County's contention, it did not sustain its prima facie burden on the issue of qualified immunity. The County failed to demonstrate, inter alia, that its placement of the sensor station cabinet and its decision to refrain from trimming the hedge were highway safety planning decisions resulting from a deliberative decision-making process of the type af-

forded immunity from judicial interference (*see Hepburn v Croce*, 295 AD2d 475, 477 [2002]; *Norton v Village of Endicott*, 280 AD2d at 854-855; *Trent v Town of Riverhead*, 262 AD2d 260 [1999]; *cf. Hannon v State of New York*, 13 AD3d 770 [2004]; *Monfiston v Ekelman*, 248 AD2d 518 [1998]). The County's failure to satisfy its prima facie burden required denial of the subject branch of its motion without regard to the sufficiency of the opposition papers (*see Barone v County of Suffolk*, 85 AD3d 836, 837 [2011]; *Bresciani v County of Dutchess, N.Y.*, 62 AD3d 639 [2009]).

The County's remaining contentions are without merit. Dillon, J.P., Sgroi, Cohen and LaSalle, JJ., concur.