# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1172**
**CA 15-00125**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

LISA KELLEY AND KEITH FLEURY, AS PARENTS AND
NATURAL GUARDIANS OF KATLYN FLEURY, AN INFANT,
CLAIMANTS-APPELLANTS,

                    V                           MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-RESPONDENT.
(CLAIM NO. 118050.)

---

HANCOCK ESTABROOK, LLP, SYRACUSE (JANET D. CALLAHAN OF COUNSEL), FOR
CLAIMANTS-APPELLANTS.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Court of Claims (Nicholas V. Midey, Jr., J.), entered April 2, 2014.  The order granted in part defendant's motion for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Claimants commenced this action seeking damages for injuries sustained by their 15-year-old daughter when the vehicle in which she was a passenger collided with a minivan at an intersection in the Town of Cicero.  The intersection was controlled by a flashing yellow signal for traffic on State Route 11 and a flashing red signal for traffic on Mud Mill Road.  Prior to the accident, in 1996, the New York State Department of Transportation (DOT) determined that a flashing light should be installed at the intersection.  Thereafter, in 1998, 2000, 2005, and 2007, the DOT determined that the flashing signal was still appropriate and that a three-color signal was not necessary.  After a study in March 2009, however, the DOT determined that a three-color signal was needed.  Despite this approval, the three-color signal was not installed prior to the subject accident, which occurred on May 20, 2009.

Claimants commenced this action alleging that defendant was negligent in, inter alia, failing to conduct proper evaluations of traffic patterns and failing to install appropriate and necessary traffic control devices.  Defendant moved for summary judgment dismissing the claim based on its affirmative defense of qualified immunity.  The Court of Claims granted the motion in part, determining that defendant was entitled to qualified immunity insofar as claimants

alleged that defendant was negligent in its decision-making process. The court denied the motion insofar as claimants alleged that the safety plan developed by the DOT was not implemented in a timely manner, determining that it was unable to conclude as a matter of law that the delay in installing the three-color signal was "reasonable and justified."  The sole issue before us on this appeal by claimants is whether the court erred in granting that part of the motion with respect to defendant's decision-making process.  We affirm.

"Under [the] doctrine of qualified immunity, a governmental body may be held liable when its study of a traffic condition is plainly inadequate or there is no reasonable basis for its traffic plan" (*Friedman v State of New York*, 67 NY2d 271, 284; *see Weiss v Fote*, 7 NY2d 579, 589, *rearg denied* 8 NY2d 934).  Contrary to claimants' contention, defendant met its initial burden by establishing that it conducted a total of five traffic studies of the intersection before the May 2009 accident, and claimants failed to raise a triable issue of fact.  It is well established that "something more than a mere choice between conflicting opinions of experts" is required to raise an issue of fact with respect to defendant's liability for its traffic planning decisions (*Weiss*, 7 NY2d at 588).  We reject claimants' contention that defendant's failure to conduct a study of the intersection in 2002 demonstrates that defendant did not adequately study the intersection.  Defendant established that it completed studies of the intersection in 1998, 2000, 2005, 2007, and 2009, all prior to the subject accident.  Additionally, it would be improper to speculate what such a study in 2002 might have revealed "with the benefit of hindsight" (*Friedman*, 67 NY2d at 285-286).

Claimants' contention that defendant's 2005 "Highway Safety Investigation" of the intersection should be discounted because it did not include a "signal warrant study" and did not consider whether "the flashing light was adequately performing its intended function" is improperly raised for the first time on appeal (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985) and, in any event, lacks merit.  Even if we discounted the 2005 study, we would conclude that defendant's other studies of the intersection were adequate (*see generally Kosoff-Boda v County of Wayne*, 45 AD3d 1337, 1338).

Finally, we reject claimants' contention that the State's 2007 study was inadequate and/or lacked a reasonable basis.  In our view, defendant established that the 2007 study was the product of careful review (*see generally Friedman*, 67 NY2d at 285-286).

Entered:  November 20, 2015                    Frances E. Cafarell
                                               Clerk of the Court