VANESSA RAMIREZ, Appellant, v STATE OF NEW YORK et al., Respondents. (Action No. 1.) ANGELA MORENO, Appellant, v STATE OF NEW YORK et al., Respondents. (Action No. 2.) YADIRA SINCHE RIVERA, Appellant, v STATE OF NEW YORK et al., Respondents. (Action No. 3.) YADIRA VELASQUEZ, Appellant, v STATE OF NEW YORK et al., Respondents. (Action No. 4.) MAYRA GRANADOS, as Administratrix of the Estate of GEORGINA LETICIA CASTANEDA PAREDES, Deceased, Appellant, v STATE OF NEW YORK et al., Respondents. (Action No. 5.) YESICA AGUSTINA ESCOBAR FUENTES et al., Appellants, v STATE OF NEW YORK et al., Respondents. (Action No. 6.) [39 NYS3d 220]—

In five related claims to recover damages for personal injuries and one related claim to recover damages for wrongful death, the claimants jointly appeal from six respective judgments of the Court of Claims (Ruderman, J.), all dated May 15, 2014, which, upon six respective decisions of the same court all dated April 14, 2014, made after a trial, are in favor of the defendants and against them, dismissing the claims.

Ordered that the judgments are affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

During the early morning hours of June 14, 2008, a cargo

van with 12 unrestrained passengers in the windowless cargo hold drifted into the median of Interstate 87 over the tapered, turned-down portion of a guardrail, and struck the concrete support pillar of a pedestrian bridge, killing the van driver, the front-seat passenger, and one passenger in the cargo hold. The remaining passengers in the cargo hold sustained various injuries. Some of the surviving passengers, and the administratrix of the estate of one of the decedents, commenced these claims against the defendants, the State of New York and the New York State Thruway Authority, seeking to hold the defendants liable for not installing a longer guardrail which they allege would have greatly reduced the severity of their injuries. Following a nonjury trial, the Court of Claims dismissed the claims based upon, among other things, the doctrine of qualified immunity. We affirm.

"A municipality owes the traveling public the absolute duty of keeping its highways in a reasonably safe condition" (*Ames v City of New York*, 177 AD2d 528, 531 [1991]; *see Friedman v State of New York*, 67 NY2d 271, 283 [1986]; *Langer v Xenias*, 134 AD3d 906 [2015]; *Iacone v Passanisi*, 133 AD3d 717, 718 [2015]). This duty, which extends to furnishing guardrails (*see Lattanzi v State of New York*, 53 NY2d 1045 [1981]), " 'is measured by the courts with consideration given to the proper limits on intrusion into the municipality's planning and decision-making functions' " (*Kuhland v City of New York*, 81 AD3d 786, 787 [2011], quoting *Friedman v State of New York*, 67 NY2d at 283). Thus, "a governmental body is accorded a qualified immunity from liability arising out of a highway safety planning decision" (*Iacone v Passanisi*, 133 AD3d at 718; *see Kuhland v City of New York*, 81 AD3d at 787). To establish its entitlement to qualified immunity, the governmental body must demonstrate "that the relevant discretionary determination by the governmental body was the result of a deliberative decision-making process" (*Iacone v Passanisi*, 133 AD3d at 718; *see Affleck v Buckley*, 96 NY2d 553 [2001]; *Friedman v State of New York*, 67 NY2d 271 [1986]; *Alexander v Eldred*, 63 NY2d 460 [1984]; *Tomassi v Town of Union*, 46 NY2d 91 [1978]; *Barone v County of Suffolk*, 85 AD3d 836, 836 [2011]; *Bresciani v County of Dutchess, N.Y.*, 62 AD3d 639 [2009]; *Scott v City of New York*, 16 AD3d 485 [2005]). "A municipality is entitled to qualified immunity where a governmental planning body 'has entertained and passed on the very same question of risk as would ordinarily go to the jury' " (*Turturro v City of New York*, 77 AD3d 732, 735 [2010], quoting *Weiss v Fote*, 7 NY2d 579, 588 [1960]). Accordingly, where the decision made by the municipality or governmental body was not the product of a

governmental plan or study, the doctrine of qualified immunity is inapplicable (*see Klein v New York State Thruway Auth.*, 220 AD2d 486 [1995]; *Cummins v County of Onondaga*, 198 AD2d 875 [1993]).

Here, the Court of Claims correctly applied the doctrine of qualified immunity based on the evidence the defendants submitted at trial that the guardrail was designed pursuant to the design standards set forth by the New York State Department of Transportation, which were the result of a deliberate decision-making process of the type afforded immunity from judicial interference (*see Kelley v State of New York*, 133 AD3d 1337 [2015]; *Selca v City of Peekskill*, 78 AD3d 1160 [2010]; *Galvin v State of New York*, 245 AD2d 418 [1997]; *cf. Madden v Town of Greene*, 64 AD3d 1117 [2009]).

The claimants' remaining contentions are unpreserved for appellate review or without merit. Leventhal, J.P., Hall, Austin and Sgroi, JJ., concur.