■ CORINNE BEDNOSKI et al., Respondents, v COUNTY OF SUFFOLK, Appellant. [44 NYS3d 485]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Pitts, J.), dated December 2, 2014, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Corrine Bednoski (hereinafter the plaintiff) allegedly sustained personal injuries when, while traveling on County Road 48 in Suffolk County, her vehicle suddenly veered off of the roadway and struck a concrete drainage structure located in the center median. The plaintiff, and her husband suing derivatively, thereafter commenced this action against the County of Suffolk. The County moved for summary judgment dismissing the complaint, arguing that it was entitled to qualified governmental immunity for its highway planning decisions, that it did not owe a duty of care to the plaintiff, and that the plaintiff's actions were the sole proximate cause of her accident. The Supreme Court denied the County's motion. The County appeals.

Contrary to the County's contention, it failed to establish its prima facie entitlement to judgment as a matter of law on the basis of qualified governmental immunity. A municipal defendant is entitled to qualified immunity "where a duly authorized public planning body has entertained and passed on the very same question of risk as would ordinarily go to the jury" (*Weiss v Fote*, 7 NY2d 579, 588 [1960]; *see Affleck v Buckley*, 96 NY2d 553, 556 [2001]; *Ernest v Red Cr. Cent. School Dist.*, 93 NY2d 664, 673 [1999]; *Turturro v City of New York*, 127 AD3d 732, 735-736 [2015], *lv granted* 26 NY3d 908 [2015]). Here, the evidence presented by the County failed to establish that it undertook a study which entertained and passed on the very same question of risk that is at issue in this case (*see Weiss v Fote*, 7 NY2d at 588; *Moskovitz v City of New York*, 130 AD3d 991, 991-992 [2015]; *Poveromo v Town of Cortlandt*, 127 AD3d 835, 837 [2015]; *Mare v City of New York*, 112 AD3d 793, 794 [2013]).

A municipality has a duty to maintain its roads and highways in a reasonably safe condition (*see Friedman v State of New York*, 67 NY2d 271, 283 [1986]; *Finn v Town of Southampton*, 289 AD2d 285 [2001]). This duty extends to furnishing safe guardrails (*see Gomez v New York State Thruway Auth.*, 73 NY2d 724, 725 [1988]; *Carrillo v County of Rockland*, 11 AD3d

575, 575-576 [2004]; *Ames v City of New York*, 177 AD2d 528, 531 [1991]). Here, the County failed to establish, prima facie, that it did not have a duty to place guardrails near the concrete headwall involved in the plaintiff's accident.

The County also failed to establish, prima facie, that its alleged negligence was not a proximate cause of the plaintiff's injuries. "There can be more than one proximate cause of an accident" and "where varying inferences as to causation are possible, resolution of the issue of proximate cause is a question for the jury" (*Poveromo v Town of Cortlandt*, 127 AD3d at 838 [internal quotation marks omitted]; *see Ernest v Red Cr. Cent. School Dist.*, 93 NY2d at 674; *Gutelle v City of New York*, 55 NY2d 794, 796 [1981]). Here, the County's submissions failed to eliminate all triable issues of fact as to whether its alleged negligence in failing to place guardrails near the concrete headwall on County Road 48 was a substantial factor in aggravating the plaintiff's injuries (*see Gutelle v City of New York*, 55 NY2d at 796; *Dodge v County of Erie*, 140 AD3d 1678, 1679 [2016]; *Langer v Xenias*, 134 AD3d 906, 908 [2015]; *Poveromo v Town of Cortlandt*, 127 AD3d at 838; *Haeg v County of Suffolk*, 64 AD3d 680 [2009]).

Accordingly, the Supreme Court properly denied the County's motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiffs' papers in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Rivera, J.P., Chambers, Roman and Brathwaite Nelson, JJ., concur.