Heins v Vanbourgondien (2020 NY Slip Op 01334)





Heins v Vanbourgondien


2020 NY Slip Op 01334


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2017-01885
 (Index No. 3967/11)

[*1]Abigail L. Heins, etc., et al., plaintiffs-respondents- appellants, 
v
Kimberly Vanbourgondien, et al., defendants-respondents-appellants, Anthony Cocheo, etc., et al., defendants-respondents, County of Suffolk, appellant-respondent, et al, defendants.


Dennis M. Brown, County Attorney, Hauppauge, NY (Christopher A. Jeffreys and Susan A. Flynn of counsel), for appellant-respondent.
Sullivan Papain Block McGrath & Cannavo P.C., New York, NY (Stephen C. Glasser and Gabriel Arce-Yee of counsel), for plaintiffs-respondents-appellants.
Mazzara & Small, P.C., Bohemia, NY (Timothy F. Mazzara of counsel), for defendants-respondents-appellants.
Ryan, Brennan & Donnelly, LLP, Floral Park, NY (John Brennan and John B. Telesca of counsel), for defendant-respondent Anthony Cocheo.
Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Kathleen D. Foley of counsel), for defendant-respondent Farrukh Baig.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant County of Suffolk appeals, the defendants Kimberly Vanbourgondien and Patricia A. Vanbourgondien cross-appeal, and the plaintiffs separately appeal from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated January 23, 2017. The order, insofar as appealed from by the County of Suffolk, denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and granted the plaintiffs' cross motion to compel the deposition of William Colavito. The order, insofar as cross-appealed from by the defendants Kimberly Vanbourgondien and Patricia A. Vanbourgondien, denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The order, insofar as appealed from by the plaintiffs, granted those branches of the separate motions of the defendants Anthony Cocheo and Farrukh Baig which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is modified, on the law and the facts, (1) by deleting the provision thereof granting the plaintiffs' cross motion to compel the deposition of William Colavito, and substituting therefor a provision denying the plaintiffs' cross motion, and (2) by deleting the provision thereof denying that branch of the motion of the defendants Kimberly Vanbourgondien and Patricia A. Vanbourgondien which was for summary judgment dismissing the complaint and all [*2]cross claims insofar as asserted against the defendant Patricia A. Vanbourgondien, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendants Anthony Cocheo and Farrukh Baig payable by the plaintiffs.
In the early hours of August 7, 2010, the plaintiff Abigail L. Heins (hereinafter Abigail), then 17 years old, was driving a vehicle owned by the defendant Patricia A. Vanbourgondien (hereinafter Patricia) and entrusted to Patricia's daughter, the defendant Kimberly Vanbourgondien (hereinafter Kimberly), then 19 years old. Earlier in the evening, Kimberly and Abigail purchased alcohol from both the defendant Anthony Cocheo, doing business as 7-Eleven Store No. 24020D (hereinafter Cocheo 7-Eleven), and the defendant Farrukh Baig, doing business as 7-Eleven Store No. 20093D (hereinafter Baig 7-Eleven; hereinafter together the 7-Eleven defendants). Abigail, Kimberly, and two rear seat passengers had all consumed alcohol. As Abigail drove west on County Road 48 in Suffolk County, a disagreement arose regarding the song that was on the radio. Although it is not clear precisely what occurred, the record establishes that the ensuing contretemps distracted Abigail, causing her to swerve into the median. The vehicle entered the median, which sloped downward toward its center, hit the opposite slope, rolled at least once, and came to rest in the median.
Abigail, and her father, the plaintiff Erick Heins, suing derivatively, commenced this action, inter alia, to recover damages for personal injuries against Kimberly and Patricia (hereinafter together the Vanbourgondiens), the 7-Eleven defendants, the County of Suffolk, and others. The Vanbourgondiens, Baig 7-Eleven, Cocheo 7-Eleven, and the County each moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them. The plaintiffs cross-moved to compel an additional deposition of the County by William Colavito. The Supreme Court denied the Vanbourgondiens' motion, granted the 7-Eleven defendants' motions, and denied the County's motion. The court also granted the plaintiffs' cross motion to compel Colavito's deposition. The County appeals from so much of the order as denied its motion for summary judgement dismissing the complaint and all cross claims insofar as asserted against it and granted the plaintiffs' cross motion to compel. The Vanbourgondiens cross-appeal from so much of the order as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The plaintiffs separately appeal from so much of the order as granted those branches of the motions of the 7-Eleven defendants which were for summary judgment dismissing the complaint insofar as asserted against each of them. We modify.
A municipality has a duty to keep its roadways in a reasonably safe condition (see Tyberg v City of New York, 173 AD3d 1239, 1240; Rubio v State of New York, 168 AD3d 892, 893; Iovine v State of New York, 165 AD3d 766, 767-768). " While this duty is nondelegable, it is measured by the courts with consideration given to the proper limits on intrusion into the municipality's planning and decision-making functions. Thus, in the field of traffic design engineering, the [governmental body] is accorded a qualified immunity from liability arising out of a highway planning decision'" (Tyberg v City of New York, 173 AD3d at 1240, quoting Friedman v State of New York, 67 NY2d 271, 283; see Iovine v State of New York, 165 AD3d at 768; Warren v Evans, 144 AD3d 901, 901-902; Ramirez v State of New York, 143 AD3d 880, 881). Accordingly, a governmental body may not be held liable for a highway safety planning decision unless its study of the traffic condition was plainly inadequate or its traffic plan lacks a reasonable basis (see Turturro v City of New York, 28 NY3d 469, 480; Tyberg v City of New York, 173 AD3d at 1240; Warren v Evans, 144 AD3d at 902).
"To establish its entitlement to qualified immunity, the governmental body must demonstrate that the relevant discretionary determination by the governmental body was the result of a deliberate decision-making process'" (Ramirez v State of New York, 143 AD3d at 881, quoting Iacone v Passanisi, 133 AD3d 717, 718; see Iovine v State of New York, 165 AD3d at 768). A municipality will enjoy qualified immunity "only where a duly authorized public planning body has entertained and passed on the very same question of risk as would ordinarily go to the jury" (Turturro v City of New York, 28 NY3d at 480 [internal quotation marks omitted]; see Tyberg v City of New York, 173 AD3d at 1240-1241; Iovine v State of New York, 165 AD3d at 768; Warren v [*3]Evans, 144 AD3d at 902; Ramirez v State of New York, 143 AD3d at 881).
Here, the County failed to proffer evidence establishing that any County body had engaged in a " deliberate decision-making process'" regarding the design of County Road 48 (Ramirez v State of New York, 143 AD3d at 881, quoting Iacone v Passanisi, 133 AD3d at 718) or that such body had "passed on the very same question of risk as would ordinarily go to the jury" (Turturro v City of New York, 28 NY3d at 480 [internal quotation marks omitted]). Since the County failed to demonstrate that the design of County Road 48 and any subsequent alterations to it were the result of deliberate governmental decision-making which considered the risks relevant to this action, we agree with the Supreme Court's determination that the County was not entitled to summary judgment based upon a defense of qualified immunity (see Bednoski v County of Suffolk, 145 AD3d 943, 944).
" The liability of a municipality begins and ends with the fulfillment of its duty to construct and maintain its highways in a reasonably safe condition. No liability will attach unless the alleged negligence of the municipality in maintaining its roads is a proximate cause of the accident'" (Crawford v Village of Millbrook, 94 AD3d 1036, 1038, quoting Levi v Kratovac, 35 AD3d 548, 549). "[A]s long as a highway is reasonably safe for those who obey the rules of the road, the duty of the municipality is satisfied" (Levi v Kratovac, 35 AD3d at 549). Nevertheless, a municipality's duty to maintain its roadways in a reasonably safe condition "extends to furnishing safe guardrails" (Bednoski v County of Suffolk, 145 AD3d at 944). A " municipality's duty to maintain its highways extends to conditions beyond the travel lanes and shoulders only when a prior accident or other event would give notice of a specific dangerous condition'" (Soto v City of New York, 63 AD3d 1035, 1037, quoting Hay v State of New York, 60 AD3d 1190, 1192; see Rubio v State of New York, 168 AD3d at 893). Where the plaintiff alleges that the subject accident was caused by a dangerous condition, liability will not attach unless the municipality "had actual or constructive notice of the dangerous condition and subsequently failed to take reasonable measures to correct the dangerous condition" (Rubio v State of New York, 168 AD3d at 893; see Soto v City of New York, 63 AD3d at 1036).
" A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that [it] was not at fault in the happening of the subject accident'" (Enriquez v Joseph, 169 AD3d 1008, 1008-1009, quoting Boulos v Lerner-Harrington, 124 AD3d 709, 709; see Welch v Suffolk Coach, Inc., 162 AD3d 1097). Since there may be more than one proximate cause of a plaintiff's injuries, that the slope of the median may have contributed to the happening of the subject accident is sufficient to support the plaintiffs' causes of action (see Jaber v Todd, 171 AD3d 896, 898; Enriquez v Joseph, 169 AD3d at 1009; Matias v Bello, 165 AD3d 642, 643).
Here, the plaintiffs' claim asserted against the County was based upon the theory that the median had been constructed with a "non-recoverable slope" and that the County therefore had a duty to provide safety equipment to assist the driver of an "errant vehicle" in regaining control. The County failed to meet its prima facie burden of demonstrating that it constructed or maintained County Road 48 in a reasonably safe condition since its witness was unable to state whether the median at the accident location had a "recoverable" or "non-recoverable" slope or whether the grade of the slope complied with industry standards. In contrast, the plaintiffs submitted evidence that the median between the eastbound and westbound lanes on County Road 48 was V-shaped with a steep slope. In addition, they submitted the deposition testimony of the police officer who responded to the scene, who testified that he had responded to other accidents in the same area such that the County was or should have been aware of the potential danger. Accordingly, we agree with the Supreme Court's determination that there were triable issues of fact precluding an award of summary judgment to the County dismissing the complaint and all cross claims insofar as asserted against it.
As for the complaint and all cross claims insofar as asserted against Kimberly, there was conflicting deposition testimony regarding whether one of the rear seat passengers touched or attempted to touch the vehicle's radio and how Abigail and/or Kimberly responded to that attempt. However, it is clear that the disagreement over the radio was the event which distracted Abigail and [*4]caused her to swerve off the roadway and into the median. As the evidence suggests that there was more than one proximate cause of the subject accident, we agree with the Supreme Court's determination that Kimberly failed to eliminate triable issues of fact as to whether she was at fault in the happening of the accident (see Jaber v Todd, 171 AD3d at 898; Enriquez v Joseph, 169 AD3d at 1009; Matias v Bello, 165 AD3d at 643).
We agree with the Vanbourgondiens' contention that the Supreme Court should have granted that branch of their motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against Patricia. Vehicle and Traffic Law § 388(1) provides that the owner of a vehicle is liable for damages "resulting from negligence in the use or operation of such vehicle . . . by any person using or operating the same with the permission, express or implied, of such owner." Here, even assuming that Patricia implicitly consented to Abigail's operation of the vehicle, the plaintiffs pointed to no authority which would permit Abigail, as the driver of the vehicle rather than an innocent third party, to recover from the owner. We decline the plaintiffs' invitation to expand the scope of Vehicle and Traffic Law § 388 beyond its purpose of providing recovery for injured third parties (see Hassan v Montouri, 99 NY2d 348, 353; Schuyler v Perry, 69 AD3d 33, 41).
General Obligations Law § 11-101(1), known as the Dram Shop Act, provides that
"[a]ny person who shall be injured in person, property, means of support, or otherwise by any intoxicated person, or by reason of the intoxication of any person, . . . shall have a right of action against any person who shall, by unlawful selling to or unlawfully assisting in procuring liquor for such intoxicated person, have caused or contributed to such intoxication." "In 1983, the Legislature supplemented the Dram Shop Act by adding General Obligations Law § 11-100, which applies to any provider unlawfully furnishing alcoholic beverages for minors" (Ferber v Olde Erie Brew Pub & Grill, LLC, 161 AD3d 1142, 1143). " [L]iability under General Obligations Law § 11-100 may be imposed only on a person who knowingly causes intoxication by furnishing alcohol to (or assisting in the procurement of alcohol for) persons known or reasonably believed to be underage'" (Ferber v Olde Erie Brew Pub & Grill, LLC, 161 AD3d at 1143, quoting Sherman v Robinson, 80 NY2d 483, 487-488; see Holiday v Poffenbarger, 110 AD3d 841, 845).
A plaintiff generally may recover damages for personal injuries if he or she establishes that there was some reasonable or practical connection between an illegal sale of alcohol and the plaintiff's injuries (see Flynn v Bulldogs Run Corp., 171 AD3d 1136, 1137; Giordano v Zepp, 163 AD3d 781, 782; Covert v Wisla Corp., 130 AD3d 966, 967; Tavarez v Sidetracks, LLC, 128 AD3d 806, 807). However, "[t]he Dram Shop Act does not create a cause of action in favor of one injured as a result of his or her own intoxicated condition, and the mere youth of the injured person does not constitute an exception to the voluntary intoxication rule" (Kudisch v Grumpy Jack's, Inc., 112 AD3d 788, 789; see Sheehy v Big Flats Community Day, 73 NY2d 629, 635; O'Gara v Alacci, 67 AD3d 54, 57; Rudden v Bernstein, 61 AD3d 736, 738). In addition, a plaintiff who purchased alcohol for the tortfeasor cannot maintain a Dram Shop Act cause of action (see Esposito v Rail Bar & Grill Corp., 169 AD3d 870, 871; Pineda v Javar Corp., 96 AD3d 731).
Here, the 7-Eleven defendants pointed to Kimberly's deposition testimony that although Abigail remained in the vehicle at both stores, Abigail provided the funds which Kimberly used to purchase the alcohol. In contrast, Abigail could not recall whether she contributed funds to the purchase of the alcohol. The plaintiffs' contention that Abigail suffers from amnesia as a result of the subject accident and is therefore entitled to a lesser burden of proof regarding her role in purchasing the alcohol is improperly raised for the first time on appeal (see e.g. Martinez v City of New York, 175 AD3d 1284; Law Offs. of Harvey A. Arnoff v Smolian, 173 AD3d 1152, 1153). Since the plaintiffs failed to rebut the 7-Eleven defendants' prima facie showings, we agree with the Supreme Court's determination awarding summary judgment dismissing Abigail's causes of action against the 7-Eleven defendants. We likewise agree with the court's determination awarding summary judgment dismissing her father's derivative causes of action against the 7-Eleven defendants (see Samela v Post Rd. Entertainment Corp., 100 AD3d 857, 858; McArdle v 123 Jackpot, Inc., 51 AD3d 743, 745-746; Dunphy v J & I Sports Enters., 297 AD2d 23, 25).
A municipality has the right to determine which of its officers or employees with [*5]knowledge of the facts will appear for a deposition (see Cea v Zimmerman, 142 AD3d 941, 944; Seattle Pac. Indus., Inc. v Golden Val. Realty Assoc., 54 AD3d 930, 932). To demonstrate entitlement to an additional deposition, the moving party must show " (1) that the representatives already deposed had insufficient knowledge, or were otherwise inadequate, and (2) there is a substantial likelihood that the persons sought for depositions possess information which is material and necessary to the prosecution of the case'" (Cea v Zimmerman, 142 AD3d at 944, quoting Zollner v City of New York, 204 AD2d 626, 627; see Seattle Pac. Indus., Inc. v Golden Val. Realty Assoc., 54 AD3d at 933; Sladowski-Casolaro v World Championship Wrestling, Inc., 47 AD3d 803, 803-804). "The burden is upon the examining party to make the requisite showing that the representative of the [municipality] already deposed did not possess sufficient knowledge of the relevant facts or was otherwise inadequate" (Seattle Pac. Indus., Inc. v Golden Val. Realty Assoc., 54 AD3d at 933).
Here, while the plaintiffs identified certain questions which the County's witness was unable to answer, they failed to demonstrate either that the witness was inadequate or that Colavito would have additional information. Moreover, the County pointed to evidence that portions of the information sought by the plaintiffs were provided in written discovery responses and that other information was available to the plaintiffs. Accordingly, the Supreme Court should have denied the plaintiffs' cross motion to compel an additional deposition.
DILLON, J.P., ROMAN, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court