Mansour-Mohamed v State of New York (2020 NY Slip Op 07362)





Mansour-Mohamed v State of New York


2020 NY Slip Op 07362


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-12444

[*1]Magda Mansour-Mohamed, appellant,
v
State of New York, respondent. (Claim No. 126382)


Schwartzapfel Lawyers P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Christopher J. Soverow], of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Andrew W. Amend and Blair J. Greenwald of counsel), for respondent.



DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (Stephen J. Mignano, J.), dated October 19, 2017. The judgment, upon a decision of the same court dated September 11, 2017, made after a trial, is in favor of the defendant and against the claimant dismissing the claim.
ORDERED that the judgment is affirmed, with costs.
In June 2015, the claimant commenced this claim against the defendant, State of New York, seeking damages for personal injuries she alleged she sustained in January 2015 when the car in which she was a passenger skidded on icy conditions on the Taconic State Parkway, a State roadway. According to the claimant, on the date at issue, the car skidded on ice on the parkway, hit the curb, rose into the air, flipped over several times, and landed in an embankment causing severe injuries to the claimant. The claimant alleged that the State was negligent in its design of the roadway by installing curbing. Following a trial, the Court of Claims issued a decision dated September 11, 2017, directing dismissal of the claim on qualified immunity grounds. Thereafter, a judgment was entered dismissing the claim. The claimant appeals.
"[A] municipality owe[s] to the public the absolute duty of keeping its streets in a reasonably safe condition" (Friedman v State of New York, 67 NY2d 271, 283 [internal quotation marks omitted]; Ramirez v State of New York, 143 AD3d 880, 881). However, the State is accorded a qualified immunity from liability arising out of a highway planning decision (see Friedman v State of New York, 67 NY2d at 283; Ramirez v State of New York, 143 AD3d at 881). Under the qualified immunity doctrine, the State is protected against liability for injury that arises in connection with a highway safety plan unless there is proof that the State's plan "evolved without adequate study or lacked reasonable basis" (Weiss v Fote, 7 NY2d 579, 589; see Selca v City of Peekskill, 78 AD3d 1160, 1161). Moreover, "something more than a mere choice between conflicting opinions of experts is required before the State . . . may be charged with a failure to discharge its duty to plan highways for the safety of the traveling public" (Weiss v Fote, 7 NY2d at 588; see McCabe v Town of Brookhaven, 289 AD2d 541, 542).
Here, we agree with the determination of the Court of Claims dismissing the claim based upon evidence submitted by the State which showed that the design and placement of the curbing on the Taconic State Parkway were the result of a deliberate decision-making process after an adequate study and had a reasonable basis (see Gagliardi v State of New York, 148 AD3d 868, 869; Ramirez v State of New York, 143 AD3d at 882).
Accordingly, the judgment is affirmed.
RIVERA, J.P., ROMAN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court