Rosado v City of New Rochelle (2021 NY Slip Op 04675)





Rosado v City of New Rochelle


2021 NY Slip Op 04675


Decided on August 11, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-08014
 (Index No. 64178/15)

[*1]Paula C. Rosado, et al., appellants,
v
City of New Rochelle, respondent.


DeGraff, Foy & Kunz, LLP, Albany, NY (David F. Kunz and George J. Szary of counsel), for appellants.
O'Connor, McGuinness, Conte, Doyle, Oleson, Watson & Loftus, LLP, White Plains, NY (Heather Haralambides of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated June 13, 2018. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
On July 1, 2014, Paula C. Rosado (hereinafter the injured plaintiff) was walking in a crosswalk, with the pedestrian light in her favor, at the intersection of North Avenue and Fifth Avenue in the City of New Rochelle, when she was struck by a vehicle operated by nonparty Gianna Parente. The accident occurred while Parente was attempting to make a left turn onto Fifth Avenue. The intersection was controlled by a traffic light and there was a designated left turn lane, from which Parente proceeded, but the traffic light did not have a separate indicator for traffic turning left. The injured plaintiff, and her husband suing derivatively, commenced this action alleging that the defendant City of New Rochelle was negligent in failing to install appropriate traffic control devices at the subject intersection. The City moved for summary judgment dismissing the complaint on the ground, inter alia, that it was entitled to qualified immunity arising out of a highway planning decision. The Supreme Court granted the motion, and the plaintiffs appeal.
A governmental entity has a duty to the public to keep its streets in a reasonably safe condition (see Friedman v State of New York, 67 NY2d 271, 283; Weiss v Fote, 7 NY2d 579, 584; Iacone v Passanisi, 133 AD3d 717, 718). "While this duty is nondelegable, it is measured by the courts with consideration given to the proper limits on intrusion into the [government's] planning and decision-making functions. Thus, in the field of traffic design engineering, the State is accorded a qualified immunity from liability arising out of a highway planning decision" (Friedman v State of New York, 67 NY2d at 283; see Poveromo v Town of Cortlandt, 127 AD3d 835, 837; Schuster v McDonald, 263 AD2d 473, 473-474; Ganios v State of New York, 181 AD2d 859, 860). Under the doctrine of qualified immunity, a governmental entity may not be held liable for a highway safety planning decision unless its study of a traffic condition is plainly inadequate, or there is no reasonable basis for its traffic plan (see Friedman v State of New York, 67 NY2d at 283-284; [*2]Alexander v Eldred, 63 NY2d 460, 466; Weiss v Fote, 7 NY2d at 589; Schuster v McDonald, 263 AD2d at 474). Immunity will apply only "where a duly authorized public planning body has entertained and passed on the very same question of risk as would ordinarily go to the jury" (Weiss v Fote, 7 NY2d at 588; see Ernest v Red Cr. Cent. School Dist., 93 NY2d 664, 673; Kuhland v City of New York, 81 AD3d 786, 787; Selca v City of Peekskill, 78 AD3d 1160, 1161).
Here, the City failed to establish that the design of the subject traffic signal, including the determination that no left-turn signal was warranted, was based on a study which entertained and passed on the very same question of risk that the plaintiff would put to a jury (see Ernest v Red Cr. Cent. School Dist., 93 NY2d at 672-675; Mare v City of New York, 112 AD3d 793, 794; Kuhland v City of New York, 81 AD3d at 787; Santiago v New York City Tr. Auth., 271 AD2d 675, 677).
In addition, the City failed to establish, as a matter of law, that there was no proximate causal connection between its alleged negligence and the injured plaintiff's injuries (see Justice v City of New York, 8 AD3d 237, 238; see generally Derdiarian v Felix Contr. Corp., 51 NY2d 308). Since the City failed to satisfy its prima facie burden, its motion should have been denied without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The City's remaining contention is without merit.
RIVERA, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court