Vays v County of Orange (2023 NY Slip Op 01112)

Vays v County of Orange

2023 NY Slip Op 01112

Decided on March 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
JANICE A. TAYLOR, JJ.

2020-00516
 (Index No. 8221/16)

[*1]Praskovya Vays, etc., et al., appellants,
v
County of Orange, respondent (and a related action).

Goldblatt & Associates, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for appellant Praskovya Vays, and Shoshana T. Bookson (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for appellant Ronald Finnell (one brief filed).
Richard B. Golden, County Attorney, Goshen, NY (Carol C. Pierce of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the plaintiffs appeal from an order of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), dated December 16, 2019. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In October 2014, a vehicle operated by Evan Finell, in which Aaron Vays was a passenger, veered off Nininger Road in the Town of Woodbury. The vehicle struck a guide rail, went down an embankment, and collided with a tree. Evan Finnell and Aaron Vays (hereinafter together the decedents) died as a result of injuries sustained in the accident. Thereafter, the plaintiffs, Praskoyva Vays and Ronald Finell, as the administrators of the decedents' respective estates, commenced this action against the County of Orange, inter alia, to recover damages for wrongful death. The plaintiffs alleged that the County was negligent in the design and maintenance of the subject guide rail. The County moved for summary judgment dismissing the complaint. The Supreme Court, among other things, granted the County's motion. The plaintiffs appeal.
"A municipality owes the traveling public the absolute duty of keeping its highways in a reasonably safe condition" (Ames v City of New York, 177 AD2d 528, 531; see Friedman v State of New York, 67 NY2d 271, 283; Heins v Vanbourgndien, 180 AD3d 1019; Ramirez v State, 143 AD3d 880, 881; Langer v Xenias, 134 AD3d 906; Iacone v Passanisi, 133 AD3d 717, 718). This duty, which extends to furnishing guardrails (see Lattanzi v State of New York, 53 NY2d 1045; Ramirez v State of New York, 143 AD3d at 881), "'is measured by the courts with consideration given to the proper limits on intrusion into the municipality's planning and decision-making functions'" (Kuhland v City of New York, 81 AD3d 786, 787, quoting Friedman v State of New York, 67 NY2d at 283). Thus, "a governmental body is accorded a qualified immunity from liability [*2]arising out of a highway safety planning decision" (Iacone v Passanisi, 133 AD3d at 718; see Friedman v State of New York, 67 NY2d at 283; Mansour-Mohamed v State of New York, 189 AD3d 1016, 1016; Ramirez v State of New York, 143 AD3d at 881; Kuhland v City of New York, 81 AD3d at 787). To establish its entitlement to qualified immunity, the governmental body must demonstrate "that the relevant discretionary determination by the governmental body was the result of a deliberative decision-making process" (Iacone v Passanisi, 133 AD3d at 718; see Affleck v Buckley, 96 NY2d 553; Friedman v State of New York, 67 NY2d at 271; Ramirez v State of New York, 143 AD3d at 881-882). "A municipality is entitled to qualified immunity where a governmental planning body 'has entertained and passed on the very same question of risk as would ordinarily go to the jury'" (Turturro v City of New York, 77 AD3d 732, 735, quoting Weiss v Fote, 7 NY2d 579, 588; see Ramirez v State of New York, 143 AD3d at 881). Accordingly, where the decision made by the municipality or governmental body was not the product of a governmental plan or study, the doctrine of qualified immunity is inapplicable (see Ramirez v State of New York, 143 AD3d at 881-882).
Here, the Supreme Court correctly applied the doctrine of qualified immunity based on the evidence the County submitted in support of its motion for summary judgment dismissing the complaint. This evidence demonstrated that the guide rail was designed pursuant to the design standards set forth by the New York State Department of Transportation, which were the result of a deliberative decision-making process of the type afforded immunity from judicial interference (see Ramirez v State of New York, 143 AD3d at 882). In opposition to the County's prima facie showing of its entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact.
IANNACCI, J.P., RIVERA, ZAYAS and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court