Tiannuan Chen v Jones (2024 NY Slip Op 04998)

Tiannuan Chen v Jones

2024 NY Slip Op 04998

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LAURENCE L. LOVE, JJ.

2020-05381
 (Index No. 705822/16)

[*1]Tiannuan Chen, et al., respondents, 
v
Amanda C. Jones, defendant, City of New York, et al., appellants.

Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Scott Shorr, Zachary S. Shapiro, Deborah A. Brenner, and Jonathan Schoepp-Wong of counsel), for appellants.
Ramos & Ramos (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul Seidenstock], of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants City of New York and the New York City Department of Transportation appeal from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered May 20, 2020. The order, insofar as appealed from, denied that branch of those defendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On February 25, 2015, Tiannuan Chen (hereinafter the injured plaintiff) was walking in a crosswalk, with a pedestrian light in his favor, at the intersection of Queens Boulevard and 51st Avenue in Queens, when he was struck by a vehicle operated by the defendant Amanda C. Jones (hereinafter the defendant driver). The accident occurred while the defendant driver was attempting to make a right turn onto Queens Boulevard. In May 2016, the injured plaintiff, and his wife suing derivatively, commenced this action against, among others, the defendants City of New York and the New York City Department of Transportation (hereinafter together the City defendants), inter alia, to recover damages for personal injuries, alleging, among other things, that the accident was caused by the unsafe design of the crosswalk at the subject intersection. The City defendants moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against them. The plaintiffs opposed the motion. The Supreme Court, among other things, denied that branch of the City defendants' motion. The City defendants appeal.
A municipality has a duty to keep its roadways in a reasonably safe condition (see Heins v Vanbourgondien, 180 AD3d 1019, 1021; Tyberg v City of New York, 173 AD3d 1239, 1240). "'While this duty is nondelegable, it is measured by the courts with consideration given to the proper limits on intrusion into the municipality's planning and decision-making functions. Thus, in the field of traffic design engineering, the [governmental body] is accorded a qualified immunity from liability arising out of a highway planning decision'" (Tyberg v City of New York, 173 AD3d at 1240, quoting Friedman v State of New York, 67 NY2d 271, 283; see Heins v Vanbourgondien, 180 AD3d at 1021). The doctrine of qualified immunity will not shield a municipality from liability [*2]if its study of a traffic condition is plainly inadequate, there is no reasonable basis for its traffic plan, or it fails to conduct a study at all (see Brown v State of New York, 31 NY3d 514, 519; Friedman v State of New York, 67 NY2d at 284; Langer v Xenias, 134 AD3d 906, 907).
"To establish its entitlement to qualified immunity, the governmental body must demonstrate 'that the relevant discretionary determination by the governmental body was the result of a deliberative decision-making process'" (Ramirez v State of New York, 143 AD3d 880, 881, quoting Iacone v Passanisi, 133 AD3d 717, 718; see Heins v Vanbourgondien, 180 AD3d at 1022). A municipality will enjoy qualified immunity "only where a duly authorized public planning body has entertained and passed on the very same question of risk as would ordinarily go to the jury" (Turturro v City of New York, 28 NY3d 469, 480 [emphasis and internal quotation marks omitted]; see Heins v Vanbourgondien, 180 AD3d at 1022; Tyberg v City of New York, 173 AD3d at 1240-1241).
Here, contrary to the City defendants' contention, they did not sustain their prima facie burden on the issue of qualified immunity (see Giske v State of New York, 191 AD2d 675, 676-677). Specifically, the City defendants failed to establish, as a matter of law, that once they were made aware of the alleged dangerous condition involving the subject intersection, they undertook an adequate study of the intersection (see Langer v Xenias, 134 AD3d 906; Giske v State of New York, 191 AD2d at 676-677). Moreover, the City defendants failed to establish, prima facie, that their failure to implement the recommendation of their experts that the crosswalk be aligned with the skew of 51st Avenue was the result of a deliberative decision-making process that entertained and passed on that issue. The City defendants also failed to establish that there existed a reasonable basis for their planning decisions for the subject intersection or that they continued to effectively review their plan in light of its actual operation (see Friedman v State of New York, 67 NY2d at 284).
Also, contrary to the City defendants' contentions, they failed to eliminate triable issues of fact as to whether the intersection was reasonably safe for pedestrians and whether the alleged negligence of the City defendants was not a proximate cause of the accident (see Brown v State of New York, 31 NY3d at 520; Barone v County of Suffolk, 85 AD3d 836, 837; Kuhland v City of New York, 81 AD3d 786, 788).
Since the City defendants failed to satisfy their prima facie burden, the Supreme Court properly denied that branch of their motion which was for summary judgment dismissing the amended complaint insofar as asserted against them without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Rosado v City of New Rochelle, 197 AD3d 582, 583).
Accordingly, the Supreme Court properly denied that branch of the City defendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against them.
BRATHWAITE NELSON, J.P., MALTESE, CHRISTOPHER and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court